(47 App. Div. 86.)

### WOOLSEY v. SUNDERLAND.

(Supreme Court, Appellate Division, Third Department. January 8, 1900.)

1. FRAUD—CONCLUSIONS—PLEADING—DEMURRER.
    An averment that defendant, "by trick or device, or deception or otherwise, and while F. was helplessly intoxicated, and confined to his bed, * * * falsely and fraudulently obtained from F." a certain sum, cannot be construed as an action for a conversion or unlawful taking, but is one based on fraud, and, as such, is demurrable, as stating conclusions, and not the facts which constitute the fraud.

2. SAME.
    Where two causes of action were stated in different paragraphs, numbered 2 and 3, and, to make either intelligible, paragraphs 1 and 4 must be read with it, defendant sufficiently designated the causes of action to which he intended to demur by referring to paragraphs 2 and 3.
    Herrick, J., dissenting.

Appeal from special term, Ulster county.

Action by Amelia P. Woolsey, as committee of the person and estate of Lewis Fowler, an incompetent person, against William H.

Sunderland. From a judgment overruling demurrer to complaint, defendant appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and KELLOGG, JJ.

J. W. Atkinson, for appellant.
J. W. Searing, for respondent.

PARKER, P. J. In the first cause of action to which the defendant demurs the act upon which the plaintiff relies is substantially stated as follows: That the defendant, "by trick or device, or deception or otherwise, and while said Fowler was helplessly intoxicated and confined to his bed" at the defendant's hotel, etc., "falsely and fraudulently obtained from said Fowler $1,200." It is claimed by the defendant that such averments do not state facts sufficient to sustain an action for fraud. The respondent's counsel, in substance, replies that it is not a cause of action based upon fraud, but that the charge, fairly interpreted, is to the effect "that the defendant took advantage of Fowler while he was helplessly drunk, and got $1,200 away from him." I cannot agree with this interpretation. The gist of the averment is that the defendant "fraudulently obtained from Fowler $1,200." That phrase does not suggest that he took it by force, or secretly, and without Fowler's knowledge. The only fair meaning is that by some sort of deception the defendant induced Fowler to deliver the money to him. Clearly, the action is based upon an alleged fraud on defendant's part, and I am of the opinion that defendant's demurrer is well taken. The averment that he "fraudulently obtained" the money by "trick, device, deception, or otherwise" adds no strength to the allegation of fraud. It conveys to the defendant no information whatever as to what particular acts of his the plaintiff complains,—as to what acts the plaintiff bases her charge of fraud upon. It is a familiar rule that the facts which constitute the fraud, and not the mere legal conclusion that a fraud has been perpetrated, must be stated. Knapp v. City of Brooklyn, 97 N. Y. 520; Wood v. Amory, 105 N. Y. 278, 282, 11 N. E. 636. And in the complaint before us there is a clear disregard of this rule. Indeed, the respondent's counsel would, I think, agree that this complaint cannot be sustained as one in fraud. He seeks rather to sustain it by striking out the averment of fraud, and construing it as one for a conversion or unlawful taking.

It is urged that the demurrer is bad in form. The complaint attempts to set up two causes of action; one for taking $1,200, and another for taking $600. The averments as to taking the $1,200 are in a paragraph numbered 2. Those as to taking the $600 are in the same phrase, but at another time, and are in another paragraph, numbered 3. With each one of them, in order to make it intelligible, the paragraphs numbered 1 and 4 must be read. Inasmuch as the complaint is drawn in that manner, the defendant has sufficiently designated the causes of action to which he intends to demur, by referring to the second and third paragraphs. He follows the

same method of designation that the complaint follows, and assumes, as the plaintiff does, that the first and fourth paragraphs will be read with each.

I conclude that the demurrer was well taken to each of the causes of action, and that the judgment overruling the same should be reversed.

Interlocutory judgment reversed, with costs, and demurrer sustained, with costs, with usual leave to amend upon payment of costs. All concur, except HERRICK, J., dissenting.