ten, supra, might affect the questions in this case. In my opinion, it did not. In that case (page 125, 179 N. Y., page 752, 71 N. E.) the court says:

"After much reflection upon the subject, guided by the principles established by our former decisions, we announce the following as our conclusion: A deposit by one person of his own money in his own name as trustee for another, standing alone, does not establish an irrevocable trust during the lifetime of the depositor. It is a tentative trust, merely, revocable at will until the depositor dies or completes the gift in his lifetime by some unequivocal act or declaration, such as delivery of the passbook or notice to the beneficiary. In case the depositor dies before the beneficiary without revocation, or some decisive act or declaration of disaffirmance, the presumption arises that an absolute trust was created as to the balance on hand at the death of the depositor."

The point in the case at bar is that the deposit by the deceased, Mrs. Coote, of the moneys in the defendant savings bank, did not "stand alone." The court has found, on evidence which, though slight, is sufficient, that, "before opening such account and making such deposit, said Ann Coote declared it to be her intention that the account and money should be for the benefit of Margaret Brown." The appellant's contention that the purpose of the depositor must be clear and unequivocal is the law; but Mrs. Coote's statement that she wanted Margaret Brown to have the money, and did not want her husband (Coote) to get it, does not leave much room for doubt as to her meaning, especially when accompanied with the deposit, "In trust for Margaret Brown." Her intention, expressed without equivocation, coupled with the deposit in the form in which it appears, created an irrevocable trust, and I advise affirmance, with costs. All concur.

(100 App. Div. 214)

ROBINSON v. SYRACUSE RAPID TRANSIT RY. CO.

(Supreme Court, Appellate Division, Fourth Department. January 26, 1905.)

1. LEASES—EXECUTION—FRAUD—PLEADING.
     Where, in an action for fraud inducing the execution of a lease to plaintiff of a certain building, there was no allegation that plaintiff was to have any interest in certain other property described in the complaint, which distinctly alleged that the defendant exercised the right of ownership and control over the building leased, allegations of fraudulent representation as to defendant's ownership of such other land and of the building leased were immaterial, in the absence of any averment that plaintiff was ousted from possession of the building, or that his occupancy was disturbed before the expiration of his term.

2. SAME—OPTIONS.
     Where an option to renew a lease of certain property for a specified term, if availed of, contemplated the organization of a corporation to take charge of the property, and plaintiff, in an action for fraudulent representations of the lessor as to the ownership of the property, failed to allege that he ever sought to renew the lease, or that he was prevented from so doing by defendant's lack of authority to grant the extension, etc., an allegation of damages for money expended in improving the property, relying on defendant's representation as to its ownership, was insufficient, in the absence of an allegation that defendant had not sufficient authority to comply with its agreement.

3. SAME—CONCLUSIONS.

In an action for fraud in the making of a contract for the renewal of a lease, an allegation that because defendant did not have title to the land plaintiff was unable to carry out the proposed development of the property in question, was a mere conclusion, and, without facts showing such ownership to be an essential prerequisite to the proper exercise of the option to renew, was insufficient.

Appeal from Trial Term, Onondaga County.

Action by Marvin S. Robinson against the Syracuse Rapid Transit Railway Company. From an interlocutory judgment overruling a demurrer to the complaint, defendant appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Charles E. Spencer, for appellant.
John H. McCrahon, for respondent.

SPRING, J. On the 15th of April, 1902, the defendants, by a written contract, leased to the plaintiff the Iron Pier Building on North Salina street, Syracuse, for the term of four months commencing May 30, 1902, and for amusement purposes. The plaintiff, pursuant to his lease, went into possession of the leasehold property, and, for aught that appears, continued in possession thereof uninterruptedly and without molestation or hindrance. The contract or lease gave to the plaintiff an option, to be exercised prior to August 1, 1902, to lease said property for the term of five years. The option, if availed of, contemplated the organization of a corporation to take charge of this property, and the details of the plan are enumerated in the contract or lease, all of which are now unimportant, as there is no suggestion in the complaint that the plaintiff ever elected to avail himself of the privilege to which he was entitled. The complaint is laid in fraud, and charges that certain officers of the defendant, prior to the execution of the lease, represented that the "defendant was the owner and in control of all the real estate bordering on the south shore of Onondaga Lake and extending from the tracks of the Rome, Watertown & Ogdensburg Railroad to the freight tracks of the New York Central & Hudson River Railroad"; that this representation was made to induce the plaintiff to enter into the lease mentioned; and that the representation was untrue, and known to be untrue by these officers and the defendant. There is no allegation that the plaintiff was to have any interest, as lessee or otherwise, in this property. The lease was only of the Iron Pier Building, and the complaint distinctly alleges that the defendant is "exercising the right of ownership and control over" this building. There is nothing in the agreement forming a part of the complaint which assumes to vest the plaintiff with dominion over the other property. The complaint further alleges that the defendant did not own any of the property mentioned, which fact, so far as appears, is of no consequence. The complaint also alleges that the Iron Pier Building is upon land owned by the Central Railroad Company, and that fact was known to the officers of the defendant before the lease was executed. This allegation is insufficient. The defendant might make the lease in question without owning the building. It might be the lessee of the build-

ing, or have the control of it by virtue of any other contract with the owner. It apparently possessed sufficient interest to lease the same to the plaintiff as provided in the lease, for the complaint alleges that the plaintiff "went upon said property and made extensive improvements upon" the same. There is no averment that he was ousted of possession, or that his occupancy did not remain undisturbed until the expiration of his term. If his possession embraced the other real estate, he apparently was equally unmolested as to that.

The complainant alleges that he intended to organize a company, as foreshadowed in the contract lease, and in expending money in improving the property he relied upon the representations made by the defendant as to the ownership. There are one or two reasons, at least, why no damages can be founded upon this charge. The ownership of the defendant is unimportant if it possessed sufficient dominion over the property to fulfill its agreement with the plaintiff; and, for anything contained in the complaint, it was able to do that in the fullest measure. The formation of the company depended upon the exercise of the option by the plaintiff. He does not allege that he ever sought to renew his lease, or that he was prevented from so doing by any lack of authority in the defendant to grant the extension and accompanying privileges. The fee title or any other distinct ownership of the land might not have been necessary to enable defendant to comply with its agreement. If the plaintiff had demanded the extension of his lease, and it was refused, or if the lease tendered did not assure the lessee the possession of the property for the extended term, another situation might be presented. The complaint does contain the statement "that on account of the fact that said defendant did not have title to said real estate plaintiff was unable to carry out the proposed plan of organizing a corporation to develop the property in question and carry out his plan of amusement." This is a mere conclusion, and no fact is set forth as a basis for the deduction, and certainly "title to said real estate" was not an essential prerequisite to the organization of such corporation, and the exercise of said option was to precede the forming of the corporation.

To summarize, the complaint is barren of any attack upon the defendant's right to make the lease which it did make, nor does it contain any allegation that the agreement was not fully performed by it, or that the plaintiff was deprived of the possession of the property, or that he attempted to avail himself of the extension privilege, or that the defendant was unable to comply with this agreement if he had elected to extend the lease. In a complaint charging the defendant with fraudulent representations there must be some tangible facts set out connecting the alleged false statements with the transaction set forth, and showing that damages have resulted to the plaintiff by reason thereof. The interlocutory judgment should be reversed, with costs and disbursements of this appeal, and the demurrer sustained, with costs, and upon the payment of which plaintiff may plead over.

Interlocutory judgment reversed, with costs and disbursements of this appeal, and demurrer sustained, with costs, and upon the payment of the same the plaintiff may serve an amended complaint. All concur.