(114 App. Div. 791)
        INGRAHAM et al. v. INTERNATIONAL SALT CO. et al.

    (Supreme Court, Appellate Division, Second Department.    July 24, 1906.)

1. PLEADING—BILL OF PARTICULARS—RIGHT TO BILL OF PARTICULARS.
        A complaint alleging that plaintiffs were stockholders of a corporation, and that defendant acquired a majority of its stock, elected its directors, and controlled it, and took away from it and unto itself, a competitor, all of its assets and profitable business, making it insolvent, and placing it in the hands of a receiver, alleges the facts constituting fraud on the part of defendant by its breach of trust as a stockholder to plaintiffs, as against a motion for a bill of particulars.
2. FRAUD—PLEADING.
        An allegation of fraud without an allegation of facts constituting fraud is an allegation of law and insufficient.
        [Ed. Note.—For cases in point, see vol. 23, Cent. Dig. Fraud, §§ 36–39.]

Appeal from Special Term, Kings County.
Action by Frances T. Ingraham and others against the International Salt Company and others.    From an order requiring a bill of particu- lars of the allegations of the complaint, plaintiffs appeal.    Reversed.
Argued before HIRSCHBERG, P. J., and HOOKER, RICH, MILLER, and GAYNOR, JJ.

George S. Ingraham, for appellants.
Henry B. Twombly, for respondents.

GAYNOR, J.    The motion for a bill of particulars was really an attempt to have the complaint made more definite and certain, and should have been denied.    The complaint alleges that the plaintiffs were stockholders in the National Salt Company; that the defendant

the International Salt Company was formed and acquired a majority of the stock of the other company by issuing its stock certificates therefor; that the plaintiffs retained their stock in the National Company; that having become the majority stockholder of the National Company, the International Company elected its nominees as directors of the former company, and in that way controlled it, and took away from it, and unto itself, a competitor, all of its assets and profitable business, thereby making it insolvent, and its stock worthless, and then had it put in the hands of receivers. The suit is brought by the plaintiffs because the receivers, the individual defendants, refused to bring it on their request. The prayer for relief is that the International Company account, and that the amount it should pay to the defendants, the receivers of the National Company, be ascertained, and for such other relief, etc.

This is a definite and certain complaint and gives all the particulars the defendants are entitled to. The wrongful breach of trust of the defendant the International Company as a stockholder to the plaintiff and all of its fellow stockholders could not be more plainly stated. The order really requires the plaintiffs to recite all of their evidence.

The learned counsel for the defendants contends that the complaint alleges fraud without alleging any facts to support it, and he wants these facts supplied through a bill of particulars. No rule of pleading is better known among us than that an allegation of fraud without an allegation of the facts constituting it is an allegation of law and worthless. It would be strange therefore for the opposite party to cause such a pleading to be made good by requiring an allegation of the facts. But here the complaint does allege the facts.

The order should be reversed.

Order reversed, with $10 costs and disbursements, and motion denied, with costs. All concur.