## SCHIEFER v. FREYGANG et al.

(Supreme Court, Appellate Division, First Department. April 10, 1908.)

1. EQUITY—PLEADING—DEFENSES—ADEQUATE REMEDY AT LAW—SUFFICIENCY ON DEMURRER.

An allegation in an answer in a suit in equity that plaintiff had an adequate remedy at law without alleging facts to support it was a mere allegation of a conclusion, and insufficient on demurrer, where the complaint set forth facts showing a cause of action in equity.

2. PLEADING—DEMURRER—OPENING RECORD—EFFECT.

Under the rule that a demurrer opens the record, a demurrer to a bad answer cannot prevail where the complaint is not good.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 540–548.]

3. CANCELLATION OF INSTRUMENTS—PLEADING—SUFFICIENCY.

In a suit in equity against certain railroad companies and certain persons individually to cancel a conveyance of easements made to the railroad companies by the individual defendants who were successors of plaintiff in title to the premises to which the easements were appurtenant, the complaint showed the reservation in plaintiff's conveyance to the ancestor of the individual defendants of all claims and cause for rental and fee damages caused by the construction and operation of the railroads, that the railroad companies and the individual defendants settled the damages to the easements at about $2,000, and that the settlement had been consummated by payment by the railroad companies and by conveyance of the easements. The complaint challenged the settlement upon the ground that the amount paid was inadequate, and that the damages released amounted to about $10,000. It also alleged refusal by the individual defendants to bring an action as trustee for plaintiff's benefit against the railroads to collect the damages reserved to plaintiff, violation by them of the trust imposed upon them by plaintiff's conveyance, and that the

individual defendants had appropriated to their own use the money obtained from the railroad in settlement, and that they were pecuniarily irresponsible. It further alleged that the railroad companies had knowledge of the rights of plaintiff, and "of the intention of the other defendants to commit the fraudulent acts above described, but that said railroad companies nevertheless co-operated with the other defendant in said fraudulent scheme, and procured said conveyance of said easements for the inadequate consideration above mentioned, in fraud of the rights of the plaintiff." The complaint contained no further allegations as to fraud in the negotiation of the release. *Held*, that the complaint was based upon the theory that the individual defendants had a right to compromise the cause of action and execute the release to the railroad companies, but that the settlement was in fraud of plaintiff's rights, and hence was insufficient, as bare allegations of fraud in a settlement, unsupported by allegations of facts fairly tending to sustain the charge, are insufficient to impeach the settlement.

Appeal from Trial Term.

Action by Bertha Schiefer against Minna Freygang, individually and as administratrix, and others. From an interlocutory judgment sustaining a judgment to the fifth separate defense of new matter contained in the joint answer of the defendants, defendants appeal. Reversed, and demurrer overruled.

Argued before P A T T E R S O N, INGRAHAM, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

Alex. S. Lyman, for appellants.

L. M. Berkeley, for respondent.

LAUGHLIN, J. This is a suit in equity by the former owner of premises known as No. 1748 Park avenue, in the borough of Manhattan, New York, to cancel a conveyance of easements appurtenant to said premises made by the individual defendants, the plaintiff's successors in title to the premises, to the defendant railroad companies, to specifically perform the covenants of the plaintiff's grantee to execute and deliver to the plaintiff conveyances and releases of the easements, to enable the plaintiff to collect the damages to the easements reserved in her conveyance, or, in the alternative, for damages and to enjoin the railroad companies from operating trains on the viaduct in the street in front of the premises until the damages to the easements are paid to the plaintiff, and to have it declared that the individual defendants are trustees for the plaintiff as to the easements and the damages thereto, and to obtain other relief incident to these purposes. The defense to which the plaintiff demurred as insufficient in law upon the face thereof is as follows:

"For a further fifth and separate defense said defendants allege that for the alleged cause or causes of action set forth in the complaint herein plaintiff has an adequate remedy at law."

Of course, if the plaintiff has an adequate remedy at law, that is a defense to this suit in equity, but the question as to whether she has an adequate remedy at law must depend upon the nature of the cause of action set forth in the complaint, because, viewed in any other light, this separate defense merely alleges a legal conclusion without facts to support it. If, therefore, the complaint sets forth facts showing a

cause of action in equity to cancel the release of the easements, and to enjoin the operation of the railroads until the damages to the easements are paid to the plaintiff, upon the theory that she reserved them in her conveyance, and that the individual defendants, although not her direct grantee but the heirs of such grantee, have likewise taken title subject to such reservation, and have become trustees of the easements for the benefit of the plaintiff and may be compelled to act in the premises, then it is manifest that the plaintiff would have no adequate remedy at law, and the separate defense would be insufficient in law. Assuming, therefore, a cause of action of this nature to be well pleaded by the plaintiff, the separate defense is insufficient in law, and the demurrer thereto should have been sustained. The appellants, however, draw attention to the complaint, and contend that it fails to state facts sufficient to constitute a cause of action against them, and that, under the rule by which a demurrer searches the record, it should have been overruled upon the ground that a demurrer to a bad answer cannot prevail, if the complaint be not good. We are of opinion that this point is well taken. The complaint shows that the railroad companies and the individual defendants have adjusted the damages to the easements at about the sum of $2,000, and that this settlement has been consummated by payment by the railroad companies and by conveyance of the easements. The settlement is challenged upon the ground that the amount paid was inadequate, and that the fee and rental damages thus released amount to about the sum of $10,000. The plaintiff conveyed the premises to one Oscar C. Freygang on or about the 15th day of March, 1904. The provisions of the deed upon which the action is founded are as follows:

"The party of the first part hereby reserves to herself all claims and causes of actions against the state of New York, and any corporation or persons for rental and fee damages to said property, caused by the construction, maintenance and operation of the elevated railroad through Park avenue as now maintained and operated. The party of the second part hereby covenants and agrees with the party of the first part, as part of the consideration thereof, to allow, and hereby does allow said party of the first part, at her own proper expense, however, to bring in the name of the party of the second part or otherwise, as she may be advised, any or all actions or suits at law or in equity, claims or proceedings to collect or recover said damages from the state or city of New York, or railroad company. Said party of the second part further agrees that he will execute any and all necessary conveyances of the easements in said premises taken by said railroad structure as now maintained and operated, that may hereafter be presented to him for execution by the party of the first part, her heirs, executors, administrators or assigns; and in case the said party of the second part shall convey said premises before the settlement of said claim, then said party of the second part shall cause this and similar covenants to be inserted in the deed or deeds of conveyances."

The plaintiff alleges that the consideration which she received was adjusted and fixed at a much smaller sum in view of these provisions of the deed than she would have otherwise consented to accept. It appears that her grantee died intestate on the 29th of December, 1904, leaving the defendant Minna Freygang his widow, and the defendants, Ida Hodges, Clara Freygang, and Antoinette Freygang, his children. Letters of administration were issued to the widow, who on the 14th

day of October, 1905, quitclaimed her interest in the premises to her three daughters aforesaid, the deed, however, containing a clause that it was made "subject to the covenants, agreements, conditions and liens" contained in the deed from the plaintiff to her husband. The plaintiff further alleges that she has requested the individual defendants to bring an action as trustee, for her benefit, for the purpose of collecting the damages so reserved in her deed, and to join with her for that purpose, and has requested them to execute and deliver to her the conveyances and releases mentioned in the deed, but that they have failed and refused to do so, and, on the contrary, they "have violated the aforesaid trust and the aforesaid provisions of said contract and deed, and have settled the claims for damages with the defendant railroad companies," and have not accounted to her for the money received in settlement, but have appropriated the same to their own use, and that they are pecuniarily irresponsible; that the railroad companies had notice and knowledge of the rights of the plaintiff "and of the intention of the other defendants to commit the fraudulent acts above described, but the said defendant railroad companies nevertheless co-operated with the other defendant in said fraudulent scheme, and procured the said conveyance of said easements for the inadequate consideration above mentioned, in fraud of the rights of the plaintiff; and that the said defendants now wholly refuse to settle with the plaintiff and to pay the damages reserved as aforesaid." The complaint contains no further allegations tending to show fraud on the part of the appellants in negotiating a release of the damages to the easements from the individual defendants. The complaint deals only with a cause or causes of action which vested in the grantee under the deed from the plaintiff. If the claim of the plaintiff were that the settlement was void upon the ground that the individual defendants were not authorized to make it, or was of a cause or causes of action that had not been assigned to or had not vested in them, then the plaintiff should have proceeded in disregard of the settlement, which, of course, could not be a bar to any cause of action which was vested in and retained by the plaintiff; but in that case the individual defendants would have been unnecessary parties. Joining them as parties characterized the action as one in equity based on the deed. If the cause of action vested in the individual defendants as successors to the plaintiff's grantee, then it follows that they were authorized to compromise it. The complaint is framed upon the theory that the individual defendants had a right to compromise the cause of action and execute a release to the railroad companies, but it is claimed that the settlement was in fraud of the rights of the plaintiff, and that a court of equity should annul it upon that ground. If the plaintiff wished to ratify the settlement, she could then sue the individual defendants for an accounting; but, since she proceeds in disaffirmance of the settlement, she must allege facts which fairly impeach it. Bare allegations of fraud, unsupported by facts fairly tending to sustain the charge, are insufficient. We have here merely an allegation that the amount paid by the railroads in settlement was only about one-fifth of the amount of damages which the plaintiff claims she sustained, and the pleader apparently assumes that this shows fraud on the part of the individual defendants. The only

allegations on the question of fraud concerning the action of the appellants are those already quoted. There is no allegation that the individual defendants, by agreement or otherwise, conspired to defraud the plaintiff, nor is there any allegation that they realized and knew that the amount which they accepted in settlement was wholly inadequate to cover the damages sustained by the plaintiff. The allegations quoted show sufficiently, perhaps, that the railroad companies were aware of the plaintiff's rights in the premises, and that her damages were far greater than the amount for which they were settling with the individual defendants, "and of the intention of the other defendants to commit the fraudulent acts" described in the complaint. Inasmuch, however, as no fraudulent acts are described as such or shown by appropriate allegations, this charge is of little value in deciding the question now under consideration. The railroad companies had a right to assume, in the absence of some notice to the contrary, that the settlement was made by authority of the plaintiff who had intrusted it wholly to her grantee. Having reached the conclusion that the allegations of the complaint are insufficient to show that the settlement was made in fraud of the rights of the plaintiff, the complaint fails to show a cause of action against the appellants upon any theory, and it is unnecessary to decide whether, where the grantee in a deed containing such a covenant fails to bring an action, the grantor may maintain it against the grantee and the railroad.

It follows that the interlocutory judgment should be reversed, with costs, and the demurrer overruled, with costs, but with leave to the plaintiff to withdraw the demurrer upon payment of costs of the appeal and of the demurrer. All concur.

INGRAHAM, J. I concur with Mr. Justice LAUGHLIN that this judgment should be reversed upon the ground that the plaintiff by the conveyance to Oscar C. Freygang parted with her title to the property which included the easements appurtenant thereto; and the railroad companies had then the right to purchase the property from the grantee or his successors in interest for any price for which he was or they were willing to convey. The railroad companies were guilty of no fraud as against the plaintiff because the owner of the property was willing to convey for a less price than the property conveyed was worth. In McKenna v. Brooklyn Union R. Co., 184 N. Y. 392, 77 N. E. 615, the Court of Appeals expressly held that these easements in the street were appurtenant to the abutting property, and passed to the grantee notwithstanding a reservation of the amount due to the abutting property in consequence of the trespass, and that after such conveyance the grantee had no cause of action against the railroad companies in equity. The railroad companies were not responsible for the price that the owner of the property was willing to accept or for the disposition made by the owners of the property of the consideration paid to them. The case of Schomacker v. Michaels, 189 N. Y. 61, 81 N. E. 555, recognizes the right of a railroad company to make the best bargain it could with the owners of property. The principles established in these cases show that the grantor had no cause of action

in equity against the railroad companies, and, as no facts are alleged that show any fraud as between the plaintiff and the railroad companies, the plaintiff was not entitled to have the conveyance set aside.

The judgment should therefore be reversed.