### EPPLEY v. KENNEDY.

(Supreme Court, Appellate Division, First Department. March 5, 1909.)

1. CORPORATIONS (§ 458*)—SALE OF CORPORATE STOCK—CONSTRUCTION OF CONTRACT.

A contract to sell the stock and assets of a corporation for a certain sum, a part to be paid on delivery of the contract and the remainder at stipulated times, only required the stock and assets to be turned over by the seller upon payment of the whole amount, and not in proportionate parts as the installments became due.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 458.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. CORPORATIONS (§ 439*)—SALE OF CORPORATE ASSETS—SALE BY INDIVIDUAL—VALIDITY.

One owning all the stock and franchises of a corporation could sell them, the sale not being invalid as a sale by the corporation of its property and franchises.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 439.*]

3. CONTRACTS (§ 99*)—VALIDITY—FRAUD—BURDEN OF PROOF.

The burden is on one alleging fraud to avoid a contract to prove it.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 448; Dec. Dig. § 99.*]

4. PLEADING (§ 8*)—CONCLUSIONS OR FACTS—FRAUD—ALLEGATIONS.

One denying the validity of a contract on the ground of fraud must allege the fraud, and the facts constituting the fraud must be alleged; conclusions, such as that a transaction was fictitious, invalid, illegal, etc., being insufficient, and allegations that a seller represented that corporate stock and assets were valid and very valuable, but they were in fact invalid and worthless, were mere conclusions, and insufficient to admit evidence of the alleged fraud.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 12–28½; Dec. Dig. § 8.*]

5. PLEADING (§ 409*)—DEFENSES—OBJECTIONS—WAIVER.

Plaintiff was not bound to demur to the defense of fraud set up to avoid a contract of sale, but could take advantage on the trial of the insufficiency of the allegations as to fraud, since defendant was bound to plead what he was compelled to prove.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1378; Dec. Dig. § 409.*]

6. PLEADING (§ 236*)—DISCRETION OF TRIAL COURT—ALLOWING AMENDMENTS.

Where, in an action for the price of corporate stock, franchises, etc., sold, in which the defense was fraud in making the sale, and defendant merely alleged generally false representations as to the value of the stock and validity of the corporate franchises, and that they were in fact invalid and worthless, there was no abuse of discretion in denying an amendment to allege the facts constituting the fraud, where a letter written by defendant to plaintiff after the complaint was served, and before answer was filed, showed that he was in possession of all the facts at the time he filed his answer.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 601; Dec. Dig. § 236.*]

7. CONTRACTS (§ 94*)—VALIDITY—FRAUD—RELIANCE ON REPRESENTATIONS.

Reliance upon fraudulent representations is essential to avoid a contract on that ground, and the submission by defendant of the validity of franchises to his attorney before executing the contract to purchase, in absence of other evidence, showed nonreliance upon representations as to their validity, so as to prevent him from avoiding the contract on the ground of fraud.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 420–430; Dec. Dig. § 94.*]

Appeal from Trial Term, New York County.

Action by Francis M. Eppley against Arthur Kennedy. From a judgment for plaintiff upon a directed verdict, defendant appealed. Affirmed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

George L. Shearer, for appellant.
G. H. Crawford, for respondent.

HOUGHTON, J.   The defendant by an agreement in writing agreed to purchase from the plaintiff all the stock and assets of a corporation known as the "Essex Cross Railway Company," which corporation held franchises for the construction of certain street railways in various towns in the state of New Jersey.   The sum of $25,000 in cash was agreed to be paid, $1,000 on delivery of the contract and various installments at stipulated times, with a provision that the whole should become due after 30 days' default in the payment of any installment.   Certain other matters were agreed to not material to the present controversy.   Default was claimed to have been made in payment on the first two installments, and this action was brought for the whole amount.   On the trial the plaintiff tendered all the stock of the corporation, as well as the resignation of all the directors thereof, as stipulated by the contract.   By his answer the defendant admitted the making of the contract and the failure to pay the installments, but denied that they were due as alleged, or that the plaintiff had authority to make the contract, or that it was valid, and, as his principal defense, alleged that he was induced to enter into the contract by reason of false representations made by the plaintiff.   The substance of the allegation of the answer in this respect is that the defendant was induced to execute the contract by reason of representations of the plaintiff that the franchises were in all respects valid and worth a large amount, and that he relied upon such representations and was thereby induced to execute the contract, and that such representations were false and were known by the plaintiff to be false when made, and were made with the intent to deceive, whereas " *· * *   the franchises therein mentioned were invalid and false."   On the trial, evidence tending to show the invalidity of these franchises was excluded by the learned trial court on the ground that the defense of fraud and deceit was not properly pleaded, in that it did not state facts showing the invalidity of the franchises.   Upon objection being made that the defense pleaded was insufficient to permit evidence of the invalidity of the franchises, the defendant asked leave to amend his answer by setting forth the facts which constituted the invalidity.   To this the plaintiff objected, and introduced in evidence a letter which the defendant had written to the plaintiff after the service of the complaint in this action and before the service of his answer, which showed that he knew all the facts respecting the franchises, and in which letter he made a counter proposition to the plaintiff to accept a certain sum in cash and a certain amount of bonds in the proposed new corporation in settlement of the present controversy.   Thereupon the trial court refused to permit the amendment, and the trial proceeded without the defendant asking to withdraw a juror, or that the trial be suspended for the purpose of permitting him to make a motion to amend his answer.   At the close of the evidence the trial court directed a verdict in favor of plaintiff, and from the judgment entered thereon the defendant appeals.

The defendant urges that by the terms of the contract delivery of the stock and assets should have been tendered when partial payment

was due, and that the contract was contrary to law in that it provided for the sale by a corporation of all of its property and franchises. We think neither of these points is well taken. The proper interpretation of the contract is that the stock and assets of the corporation were to be turned over to the defendant when he had made his final payment, and not in proportional parts as payments became due. The plaintiff was selling the stock and assets of a corporation. The corporation itself was not selling its own property and franchises, and if the plaintiff owned or controlled all of the stock and assets he could sell them, and such a sale was not a sale by the corporation itself.

The principal question is whether or not the defendant should have been permitted to introduce evidence tending to show the invalidity of the franchises in connection with his evidence as to the alleged false representations of the plaintiff in that regard. We think the ruling of the trial court was correct, and that the defendant's plea as to fraudulent representations was insufficient to permit introduction of evidence on his part. The allegation that the franchises "were invalid and worthless" was a mere conclusion, and insufficient in law to constitute a defense or a cause of action. The burden of charging as well as proving fraud is on the party alleging it, and facts constituting the alleged fraud must be set forth in order to entitle a party to introduce evidence of it. Mere conclusions of law are not enough. Wood v. Amory, 105 N. Y. 278, 11 N. E. 636; Robinson v. Syracuse Rapid Transit Ry. Co., 100 App. Div. 214, 91 N. Y. Supp. 909; Blumenfeld v. Stine, 96 App. Div. 160, 89 N. Y. Supp. 85; Booth v. Dodge, 60 App. Div. 23, 69 N. Y. Supp. 673; Woolsey v. Sunderland, 47 App. Div. 86, 62 N. Y. Supp. 104; Sbarboro v. Health Dept., 26 App. Div. 177, 49 N. Y. Supp. 1033; Butler v. Viele, 44 Barb. 166; Masson v. Bovet, 1 Denio, 69, 43 Am. Dec. 651. The words "fictitious," "invalid," and "illegal" are mere conclusions of law, and do not state facts sufficient to raise an issue of fraud. Knapp v. City of Brooklyn, 97 N. Y. 520; Cohn v. Goldman, 76 N. Y. 284; N. Y. & M. V. Transportation Co. v. Tyroler, 25 App. Div. 161, 48 N. Y. Supp. 1095. The plaintiff was not compelled to demur to the affirmative defense set up by the defendant, but could proceed to trial and then take advantage of the insufficient defense, because the defendant was bound to plead what he was compelled to prove. Sbarboro v. Health Dept., supra; 20 Cyc. 106. The defendant's answer being insufficient, the court properly excluded his evidence tending to show the invalidity of the franchises held by the corporation, the stock of which he had agreed to buy.

There is some question as to whether or not an appeal from the judgment alone, in the absence of the defendant asking for the withdrawal of a juror or the postponement of the trial for the purpose of permitting him to make a motion to amend his answer, brings up for review the question as to the propriety of the refusal of the court to allow the defendant to amend by alleging facts constituting the invalidity. Assuming, however, that that question is before us, we think there was no abuse of discretion. The defendant's letter shows that he had all the facts in his possession before he served his answer, and that he made a counter proposition for settlement of the present ac-

tion. Under such circumstances he should stand by the pleading which he chose to serve.

But if the defendant had been permitted to introduce the evidence which the court excluded, it would have been unavailing to him, because the record shows that he submitted the whole matter of the franchises and their validity to his attorney, and thereafter executed the contract. In the absence of any evidence to the contrary, this would show an investigation on the defendant's part, and nonreliance on any representations of the plaintiff if any more were made. Reliance upon the false representations was a necessary element of defendant's defense in avoidance of the contract, and with that lacking the other elements would be unavailing.

The rulings of the court in other respects we think were proper. The contract being valid, and, as we interpret it, no tender being necessary upon maturity of partial payments, and the plaintiff having properly tendered on the trial the property agreed to be purchased, a direction of a verdict in behalf of plaintiff was proper, and the judgment should be affirmed, with costs. All concur.