## KING v. MURPHY.

(Otsego County Court. November Term, 1914.)

1. FRAUD (§ 9*)—ACTIONS—ESSENTIALS.

    To recover in an action of fraud, it must appear that defendant, with intent to deceive, made false representations knowingly or with reckless disregard for the truth, and that plaintiff, believing the representations, relied and acted thereupon to his damage.

    [Ed. Note.—For other cases, see Fraud, Cent. Dig. § 8; Dec. Dig. § 9.*

    For other definitions, see Words and Phrases, First and Second Series, Fraud.]

2. PLEADING (§ 8*)—CONCLUSION—FRAUD.

    A bare allegation of fraud, unsupported by facts, is worthless, being a mere conclusion.

    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 12–28½, 68; Dec. Dig. § 8.*]

3. FRAUD (§ 46*)—DEFENSES.

    In an action for damages for defrauding plaintiff by a worthless check, the complaint must show that plaintiff relied upon the check as representing cash and that upon such reliance he parted with property.

    [Ed. Note.—For other cases, see Fraud, Cent. Dig. § 41; Dec. Dig. § 46.*]

4. JUSTICES OF THE PEACE (§ 90*)—ACTIONS—PLEADING.

    While less formality in pleading is required in justice court, yet in actions for tort the pleadings must be specific, as a judgment therefor takes the body.

    [Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. § 306; Dec. Dig. § 90.*]

5. FRAUD (§ 47*)—ACTIONS—PLEADING.

    In an action for damages for fraud, general allegations of damage are insufficient, and the facts showing the damages must be stated.

    [Ed. Note.—For other cases, see Fraud, Cent. Dig. § 42; Dec. Dig. § 47.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

6. FRAUD (§ 58*)—ACTIONS—EVIDENCE—SUFFICIENCY.
     In an action for damages for defrauding plaintiff by means of a worth-
less check, evidence *held* insufficient to sustain a recovery.
     [Ed. Note.—For other cases, see Fraud, Cent. Dig. §§ 55–59; Dec. Dig.
§ 58.*]

7. JUSTICES OF THE PEACE (§ 185*)—APPEALS—REVIEW.
     While the courts, in reviewing proceedings of a justice, will regard
them with indulgence, a judgment of a justice unsupported by the evi-
dence cannot be upheld.
     [Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 716–
720; Dec. Dig. § 185.*]

8. FRAUD (§ 13*)—KNOWLEDGE OF FALSITY OF REPRESENTATIONS—"CHECK"—
     FUNCTION OF.
     A "check" is intended to be representative of cash, and it is the busi-
ness of the drawer to know the state of his account whether the check
will be honored; and where a buyer of cattle gave a check in payment,
and the check was dishonored because he did not have sufficient funds
in the bank, he was guilty of fraud, and damages for his fraud could be
recovered, as the giving of the check and the taking of the title to the
cattle constituted representations that the check was good.
     [Ed. Note.—For other cases, see Fraud, Cent. Dig. §§ 3–5; Dec. Dig.
§ 13.*

     For other definitions, see Words and Phrases, First and Second Series,
Check.]

9. JUSTICES OF THE PEACE (§ 190*)—APPEALS—NEW TRIAL.
     Under Code Civ. Proc. § 3063, a judgment of a justice will be reversed
and the cause remanded to the justice for retrial, where the evidence
does not support it, but it appears that plaintiff might establish a cause
of action.
     [Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. § 734;
Dec. Dig. § 190.*]

Appeal from Justice Court.

Action by Edward F. King against Thomas M. Murphy. From
a judgment in Justice Court for plaintiff, defendant appeals. Re-
versed and remanded.

Almond Cramer, of Cherry Valley, for appellant.
James J. Byard, Jr., of Cooperstown, for respondent.

A. L. KELLOGG, J. This is an appeal from a judgment rendered
against the defendant by L. F. Putnam, Esq., as justice of the peace
of the town of Otsego in this county, on the verdict of a jury, for $186
damages and costs. This action, based on alleged fraud, was brought
by the plaintiff to recover on a check given to him by the defendant
for the sum of $175. The defendant answered by general denial.
The defendant offered no evidence, but at the opening of the plain-
tiff's case the defendant moved to dismiss the complaint upon the
ground that it did not state facts sufficient to constitute a cause of ac-
tion in fraud, and at the close of the same renewed the previous mo-
tion upon all of the grounds theretofore stated, and upon the further
ground that the evidence does not show that any tort was committed
on the part of the defendant.

[1] It is almost too elementary to require discussion that the ele-
ments of fraud which must be pleaded, and which must appear from

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the proof, are: (1) That the defendant made certain representations. (2) That such representations were false. (3) That the defendant knew the statements to be false, or not knowing whether they were true or false, and not caring what the facts were, made them recklessly, paying no heed to the injury which might result. (4) That the defendant made such representations with the intent to defraud the plaintiff, and to deceive him. (5) That the plaintiff believed the statements thus made to be true. (6) That he relied upon such representations and acted thereupon. (7) That the plaintiff was damaged, stating the amount thereof.

It appears from the record that the check was given to plaintiff by defendant in payment for cattle. The only allegations contained in the amended complaint to set forth an action in tort, and to recover damages therefor, are in substance as follows:

"That on the 18th day of April, 1914, at the village of Cooperstown, for value received, the defendant Murphy made his check in writing, dated on that day, directed to the National Central Bank of Cherry Valley, N. Y., and thereby directed and requested the said bank to pay to the said plaintiff, or order, the sum of $175, and the defendant thereupon, knowing that he did not have that amount of money in said bank, willfully and fraudulently delivered said check to the plaintiff. That when the said check was presented for payment, the same was refused; the defendant not having that amount of money in the bank. That because of the fraudulent and wrongful delivery by this defendant to this plaintiff of a worthless check, and because of the false representations made plaintiff by defendant, plaintiff has been damaged to the amount of $175."

In the absence of any apparent oral representation as regards the check at the time of its making and delivery to the plaintiff, there are certainly grave doubts as to whether or not it may be inferred, from the allegations contained in the amended complaint, that by delivering the check at the time to the plaintiff in payment for the cattle, and for the purchase price thereof, which were then and there delivered to him, and to thereby induce the plaintiff to part with the possession of said property, the defendant intended to represent, and did represent, that the check was equivalent to cash, would be paid upon presentation, and that he had sufficient funds to meet it at the bank, all of which implied representations were, as a matter of fact, false and untrue.

[2] No rule of pleading is better known among us than that an allegation of fraud without an allegation of facts constituting it is an allegation of law and worthless, and unsupported by facts, fairly tending to sustain the charge, are insufficient. Clearly if the defendant merely stood by and delivered the check in question in payment for cattle, then and there delivered to him, said nothing as regards the check as to whether he had funds to meet it at the time or would have when the same was presented, it was all the more essential for the plaintiff to plead the facts and circumstances as they actually took place. That facts upon which the fraud is predicated must be set forth in the pleading; that to characterize the silence of a party as fraudulent is not sufficient, it being necessary to set forth a specific allegation of the acts. A complaint charging the defendant with fraudulent representations must set forth tangible facts connecting the alleged false statements with the transactions set forth, and show

that damages have resulted by reason thereof. Ingraham v. International Salt Co., 114 App. Div. 791, 100 N. Y. Supp. 192; Schiefer v. Freygang, 125 App. Div. 498, 109 N. Y. Supp. 848; Reed v. Clark, 47 Hun, 410; Woolsey v. Sunderland, 47 App. Div. 86, 62 N. Y. Supp. 104; Robinson v. Syracuse R. Co., 100 App. Div. 214, 91 N. Y. Supp. 909.

[3] The amended complaint, however, is fatally defective in at least one particular, in that it does not aver that the plaintiff relied upon the check as representing cash; that there were sufficient funds in the bank at the time to meet it; that the same would be paid upon presentation, and in relying upon such implied representations he believed each of the same to be true, and that by reason thereof, and of such reliance and belief, parted with the title to his property, and did then and there sell and deliver to the defendant said cattle. Brackett v. Griswold, 112 N. Y. 457, 20 N. E. 376; Eppley v. Kennedy, 131 App. Div. 1–5, 115 N. Y. Supp. 360.

[4] While it is true that less formality is required in pleading in courts of justices of the peace, yet in actions for tort, the rules of pleading relating thereto cannot be relaxed, as a judgment therefor takes the body. There is also serious question as to whether the amended complaint is specific enough as regards its allegations for damages, and as to whether its wording is not a plea of conclusions of law.

[5-7] General allegations of damage are not sufficient. There must be a particular statement of the facts demonstrating the damages. Assuming that a cause of action in tort might be spelled out of the averments contained in the amended complaint, and that it is specific enough in its request for damages, and that the same is not a plea of conclusions of law only, let us turn to the record for the purpose of ascertaining as to whether or not this judgment may be reasonably upheld. The only evidence in its support is, "This paper, Exhibit A, was given to me by defendant in payment for cattle, I think on Saturday." This check was deposited in the Second National Bank of Cooperstown to the credit of E. A. Wiltsey, and the money has not been refunded to the bank.

We are not permitted to read the amended complaint in evidence assuming that it is sufficient to state a cause of action in tort. Hence there is no evidence that the cattle were of any value; that the check was given in payment for cattle sold and delivered to defendant that day; that the defendant, in handing the check then and there to plaintiff, thereby induced him to part with the title and possession of his property; and that relying upon the check as good, and believing it represented cash, and would be paid on presentation, he acted thereupon in selling and delivering his cattle to the defendant at the time and place in question, or that the check remains unpaid at the present time.

While it is true that it has been, and still is, the universal practice of the courts, in reviewing the proceedings had before justices of the peace, to regard them with marked indulgence and liberality in the furtherance of justice, and if possible sustain them by every reason-

able and warrantable intendment, and that no court will worry itself to find excuses for a fugitive from debt, much less to excuse him from tort, the facts as presented in the record are clearly insufficient to support the judgment. If they were sufficiently established before the justice, it does not appear.

[8] A check is intended to be the representative of cash. It is the business of the drawer to know the state of his account with his bank and as to whether through fraud or carelessness he makes the representation that he has cash to meet it, as he does by the act of drawing it, it would only be a premium upon looseness in commercial transactions to permit him to shield himself behind the plea of want of presentment or notice. It is he who is chargeable with the duty of notice as to his own funds, and he perpetrates a willful fraud when he undertakes to transfer or assign to another that which he does not possess, and especially so if in a present transaction he thereby induces another to part with the title of valuable property in relying thereupon.

If the plaintiff, being a buyer of cattle, sold and delivered to the defendant Murphy on the 18th day of April, 1914, at the village of Cooperstown, N. Y., cattle of the agreed price and value of $175, and to pay therefor the defendant made then and there a check in writing, dated that day, directed to the National Central Bank of Cherry Valley, N. Y., and delivered the same to the plaintiff payable to him or his order, in the sum of $175, and the defendant knowing that he did not have that amount of money in the National Central Bank of Cherry Valley to meet said check on presentation, intending thereby to deceive the plaintiff, that the plaintiff was by reason of the implied representation that said check was good, was equivalent to cash, that the defendant would have funds in the bank to meet it upon presentation, and believing therein, and relying upon each and every of said implied representations, was induced thereby to part with the title and possession of said cattle, and to then and there sell and deliver the same to the defendant, and that thereafter the check was duly presented for payment, and payment refused, that on the day it was drawn and delivered the defendant did not have funds to meet it, and did not have such funds when it was so presented, and that the check remains unpaid at the present time, justly entitles him to have the opportunity to allege and prove a cause of action as and for tort.

[9] For the reasons stated, the judgment rendered herein must be reversed on the law, but a new trial is granted pursuant to section 3063 of the Code of Civil Procedure, to be had before L. F. Putnam, Esq., one of the justices of the peace in and for the town of Otsego, county, N. Y., on the 10th day of September, 1914, at his office in the village of Cooperstown, N. Y., at 10 o'clock in the forenoon of that day, with $10 costs to the appellant.

Upon motion made so to do, I think the plaintiff should be allowed to amend his complaint to the end of sufficiently alleging an action as and for tort, and for the recovery of damages by reason thereof.

Ordered accordingly.