ALICE STERN, Respondent, v. FRED V. ANDREW, Appellant, Impleaded with PAUL CHATHAM, Defendant.

First Department, November 27, 1936.

*Frederick W. Ritter* of counsel [*Charles H. Wald* with him on the brief], for the appellant.

*Jacob K. Javits* of counsel [*Harold Held* with him on the brief; *Javits & Javits*, attorneys], for the respondent.

COHN, J.    The plaintiff seeks to recover damages for an alleged fraudulent representation made by defendants.  Concisely, the complaint alleges that, while endeavoring to effect the sale of the good will and assets of a chain of retail stores located in the State of North Carolina to a corporation to be organized by one Henry Blair Tyson and others, the defendants, as brokers, represented to Tyson and to his associates that the vendors had agreed to pay defendants, in the event of a sale, a commission in an amount equal to five per cent of the total purchase price and not over $10,000; that, relying upon this representation made by defendants, the business was purchased by Eagle Stores Company, Inc., a corporation organized by Tyson and his associates, at a price of " less than $200,000."   It is alleged that the representation made by defendants in respect of the commission was false because, at the time it was made, defendants had an agreement with the sellers whereby defendants were to receive $15,000 for arranging the sale; that defendants, upon the consummation of the sale, did in fact receive $15,000; that, by virtue of the false representation which was made to induce Tyson and the Eagle Stores Company, Inc., to purchase the business, the Eagle Stores Company, Inc., overpaid the sellers the sum of $5,000, which sum is demanded as damages.   Tyson has assigned his interest in the cause of action to Eagle Stores Company, Inc., which in turn has assigned all of its interest to the plaintiff.

The complaint is insufficient because there is a failure to show (1) that the fraudulent representation, upon which this action for deceit is based, related to a material fact, and (2) that the relation of cause and effect existed between the fraud and the injury.

The false representation alleged and upon which plaintiff's assignor claims to have relied, namely, that defendants had stated they were to be paid by the sellers of the business a commission in " an amount equal to 5% of the total purchase price and not over $10,000," is a representation as to a collateral, and not as to a material matter.   So far as Tyson or the Eagle Stores Company, Inc., were concerned, it did not matter what commission defendants were to receive from the sellers.   The commission was to be paid to defendants by the sellers and not by the purchasers, and when paid it was to be retained by defendants.   It does not appear that the sale was in any way induced by the commission element in the transaction.

The complaint fails to allege any facts showing the relation of cause and effect between the fraud and the damages claimed. The allegations that the Eagle Stores Company, Inc., overpaid the sellers in the sum of $5,000 because of the misrepresentation and " that by virtue thereof plaintiff has been damaged in the sum of $5,000," are conclusions of the pleader without any ultimate facts set forth to support them. The pleading does not state that the sellers would have reduced the sale price by $5,000 if the commission to be paid was $10,000, as represented, instead of $15,000, the amount in fact paid. Indeed, no agreement showing that the purchase price of the business was dependent upon the commissions to be paid is alleged to have existed between plaintiff's assignor and defendants or between plaintiff's assignor and the sellers of the business. Nowhere does it appear in the complaint that plaintiff's assignor would not have bought the business if the true amount of the commission had been disclosed, or that by reason of the fraud it was persuaded to enter into a bad bargain and thus suffered the damage prayed for.

In a fraud action it is essential that the pleading should show that the damage claimed was caused by the fraud alleged. (*Brackett* v. *Griswold*, 112 N. Y. 454, 469; *Robinson* v. *Syracuse Rapid Transit R. Co.*, 100 App. Div. 214, 217; *Krohnthal* v. *Ranger*, 188 id. 594, 599; *Ritzwoller* v. *Lurie*, 176 id. 100, 104; *Kranz* v. *Lewis*, 115 id. 106, 108; *Collins* v. *Cave*, 6 H. & N. 131; 157 Eng. Rep. 824.) The legal principle involved here is clearly stated in *Brackett* v. *Griswold* (*supra*, at p. 469) as follows: " In order to recover in an action for fraud and deceit the fraud and injury must be connected. The one must bear to the other the relation of cause and effect, not, perhaps, in so close a sequence as in actions on contract. But, nevertheless, it must appear in an appreciable sense that the damage flowed from the fraud as the proximate and not the remote cause."

In the *Robinson Case* (*supra*) the court (at p. 217) said: " In a complaint charging the defendant with fraudulent representations there must be some tangible facts set out connecting the alleged false statements with the transaction set forth and showing that damages have resulted to the plaintiff by reason thereof."

In the *Kranz* v. *Lewis* case (*supra*, at p. 108) the court stated: " Moreover, the facts alleged are insufficient to sustain the allegations of fraud. It is a common rule of pleading that a bare allegation of fraud is an allegation of a conclusion of law, and therefore not issuable. The facts constituting the fraud have to be specifically alleged. The alleged representation that the property was rented for more than it was rented for in fact does not give the necessary facts. The complaint should state in terms just what the

representation was — the amount of rent represented as being received, and the extent of its falsity — so that it could be seen not only whether it was false but whether it was material."

We are of the opinion that the motion to dismiss for legal insufficiency should have been granted.

The order should accordingly be reversed, with twenty dollars costs and disbursements, and the motion granted, with leave to the plaintiff to amend within twenty days after service of order, upon payment of said costs.

MARTIN, P. J., McAVOY, UNTERMYER and DORE, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and the motion granted, with leave to the plaintiff to serve an amended complaint within twenty days after service of order upon payment of said costs.