Benjamin Brenner, J.
Defendant moves pursuant to rule 106 of the Rules of Civil Practice to dismiss the second and third causes of action for legal insufficiency. The action is to have a deed set aside on the ground it was obtained by fraud and for an accounting.
In these two causes plaintiff sets out that she was the fee owner of the property; that she was physically and mentally ill and unable to read, write or speak English and, due to her condition, was unable to attend to her personal care; that the defendant, her son, offered to make provision for her care and maintenance; that there is on record a conveyance of plaintiff’s property by plaintiff to her son and to one Napolitano; that she never willingly, knowingly or intentionally conveyed the property and that the recorded deed was a fraud and does not contain plaintiff’s signature. Plaintiff then alleges that the defendant “ intentionally, willfully and maliciously, and by fraud and deceit, deprived the plaintiff *656 of her property and ownership ” in the premises, the defendant acting with knowledge and intent to deceive and defraud the plaintiff in order to obtain for himself the said property. The third cause of action repeats all the allegations of the first and second causes of action and alleges failure of consideration.
While upon a motion of this character the court accepts as true the material allegations of fact contained in the complaint and any reasonable inferences that may be drawn therefrom (Garvin v. Garvin, 306 N. Y. 118, 120), the plaintiff has failed to set out sufficient facts to state the second cause, sounding in fraud, here sought to be pleaded. Charges of malice, fraud and deceit in the complaint are at best bald conclusions without basis in fact and are insufficient. Indeed, allegations of the essential elements of representation, falsity, reliance, scienter and deception concerning the execution of the deed, to set it aside for fraud, are wholly absent. A pleading which fails to allege any facts which constitute a wrong but recites only general conclusions is insufficient (Kalmanash v. Smith, 291 N. Y. 142, 153; Prouty v. Nichols, 123 N. Y. S. 2d 789, affd. 282 App. Div. 962). Bare allegations of fraud, unsupported by facts fairly tending to sustain the charge, are thus inadequate (Schiefer v. Freygang, 125 App. Div. 498, affd. 199 N. Y. 568; Knowles v. City of New York, 176 N. Y. 430).
On the few facts pleaded in the second cause and the few facts incorporated therein from the first cause, one may suspect a violation of a constructive trust or an action to cancel a deed of record pursuant to section 329 of the Real Property Law or an action to determine a claim to real property pursuant to section 500 et seq. of the Real Property Law. (See 5 Bender’s Forms of Pleadings, § 299.) But even on such theories the facts are not sufficiently alleged to sustain the second cause of action. The infirmities of the second cause being carried over into the third cause, the latter also fails, though same might of itself, if properly pleaded, constitute adequate ground for the relief sought.
The motion is granted with leave to plead over within 20 days after the service of a copy of the order to be entered herein, with notice of entry thereof.
Settle order on notice.