Edward Gr. Baker, J.
Motion by defendants Feuerstadt, Taub and Grallo Wine Distributors, Inc., and motion by defendant Buchman, for an order pursuant to rule 106 of the Rules of Civil Practice, dismissing each of the three causes of action of the complaint for legal insufficiency; all said defendants except defendant Buchman also move in the alternative for an order granting relief pursuant to rules 90, 102 and 103 of the Rules of Civil Practice.
Plaintiff’s first cause of action seeks a recovery for damages based upon defendants’ alleged fraud, the plaintiff alleging that it was induced to enter into a lease with the corporate defendant by reason of certain false representations made by defendants, to wit, that it was the intention of the corporate defendant to operate a bottling plant in the demised premises and that the said corporation’s affiliates would make extensive use of the adjoining pier owned by plaintiff and would procure other customers to use it.
The second cause of action seeks rescission or reformation of the lease and, inasmuch as it repeats and realleges each and every allegation contained in the first cause of action, is based on the facts alleged in said first cause of action.
The third cause of action repeats and realleges each and every allegation contained in the first two causes of action and seeks punitive damages based upon the alleged malicious conduct of the defendants in inducing plaintiff to enter into the lease.
The lease is not annexed to the complaint and is not before the court.
The allegations set out in the first cause of action are insufficient to constitute a cause of action in fraud, and the *184 second and third causes of action which are based on the first are likewise insufficient in law.
The esssential elements of an action for fraud are misrepresentation, falsity, scienter, deception and injury (Ochs v. Woods, 221 N. Y. 335, 338). However, it is also essential that the ultimate facts upon which the fraud is predicated be set forth in the pleading; bare allegations of the elements constituting fraud, unsupported by allegations of facts and circumstances fairly tending to sustain the charge of fraud, are insufficient to constitute a cause of action. (Stein v. Wasserman, 259 App. Div. 265; Schiefer v. Freygang, 125 App. Div. 498, affd. 199 N. Y. 568.)
While, in the instant case, the alleged declaration of an existing intention, which is claimed to have been false when made, may be deemed to constitute a false representation of an existing fact (Adams v. Gillig, 199 N. Y. 314, 319, et seq.; Ritzwoller v. Lurie, 225 N. Y. 464, 467-468), there is absent from the complaint any allegation of facts showing that the representation was false. For example, the complaint fails to allege what the lease provided with respect to the use to which the demised premises were to be put. Nor does it allege the actual use to which the premises were put by the corporate defendant. Plaintiff’s characterization of the representation as false is, in itself, insufficient; facts must be pleaded showing that it was false (Stein v. Freund, 215 App. Div. 149). Thus, in the last cited case, an allegation that certain representations as to the value of assets and liabilities of a corporation were false, without showing any discrepancy between the true assets and the assets as represented, nor any difference between the true liabilities and the liabilities as represented, was held to be a mere conclusion of the pleader and insufficient to sustain the complaint.
In addition, plaintiff in the instant case, does not allege facts sufficient to show a causal connection between the representation and the injury claimed to have been suffered. The damages must be such as are the natural consequences of the defendants’ acts. (Atlantic Gulf & Pacific Co. v. McIntosh & Seymour Corp., 218 App. Div. 653; Stern v. Andrew, 249 App. Div. 171.) The plaintiff here alleges that the defendants’ representations with respect to the installation of a bottling plant were made “ to induce the plaintiff to execute the lease based upon the additional security which would have been afforded by the extensive installations required in the creation of a bottling plant ”; the complaint further alleges that the representation as to such use was a material inducement to *185 plaintiff “ since a bottling plant would enable the plaintiff to obtain adequate financing or refinancing at a subsequent date. ’ ’ These allegations are conclusory. The materiality of the representation, and the connection between the alleged representation and the reliance which resulted in injury to the plaintiff, are sought to be .spelled out by way of plaintiff’s deductions based upon the defendants’ alleged statements as to intended use. There is lacking, however, any allegation that the defendants urged, as part of their representations, that the intended use as a bottling plant would result in the benefits which plaintiff concludes would have resulted from such use.
As stated above, since the second and third causes of action of the complaint rest upon the allegations of the first, they are likewise legally insufficient.
In view of the foregoing determination, it is unnecessary to deal with those phases of the motion seeking corrective relief. Suffice it to say that there is merit to the contentions that the second cause of action is improperly pleaded and that there are redundant and irrelevant allegations contained in the first cause of action which have no proper place in the complaint.
Motions to dismiss the complaint are granted with leave to plaintiff, if it be so advised, to serve an amended complaint within 10 days after service of a copy of the order with notice of entry.
Settle orders on notice.