Benjamin Brenner, J.
In an action grounded in fraud defendant Jeremías moves for summary judgment dismissing the complaint and for an order canceling the lis pendens which was filed on May 3,1961.
The right granted to a plaintiff to incumber defendant’s real property, which in no way affects its cause of action, is a statutory, though permissive right. There must be strict compliance with the statute for it is “ an extraordinary privilege which has been granted to a litigant upon the mere filing of the notice of a pendency of action” (Israelson v. Bradley, 308 N. Y. 511, 516). As service of the summons upon the defendant in this suit was not effected until September 14, 1961, more than four months after such filing, the lis pendens must be cancelled pursuant to section 120 of the Civil Practice Act.
The defendant is also entitled to summary judgment. An order of this court fixed a date for closing of title and for the conveyance of the liened realty by plaintiff to the moving *1075 defendant, pursuant to a judgment of specific performance obtained in another action by him to compel this plaintiff to convey said realty in accordance with the terms of a purchase contract. Upon plaintiff’s refusal to convey in compliance with the provisions of the judgment, a Referee was appointed to do so in its place.
Plaintiff’s claim of fraud is based on the following fact allegations: That defendant came to the house of plaintiff’s corporate president on a Sunday, the day prior to the scheduled date of closing, when defendant “ openly stated * * * that
the closing definitely would not be held on the following day, as previously scheduled, because the said defendant Jeremías had ‘ another matter to attend to,’ and that the entire matter would be straightened out thereafter.” The following day plaintiff’s president found the closing to be in full progress and herein states that he “was naturally, unprepared with no closing figures available.” As plaintiff’s then attorney was also at the closing, though not simultaneously with his client, he states in his affidavit that he “ explained ” to all present that plaintiff’s president “ objected to the closing, and that as a matter of fact had given me no figures indicating the credits the Caracas Realty [plaintiff] would be entitled to receive at a closing. I emphasize the fact that I was there only because that was the closing date set by the Court, and that a closing without figures would be nonsense.” Among the documents submitted in support of the motion is a copy of the Referee’s report of sale containing a detailed closing statement for the sale, the correctness of which as well as that of the report are not questioned except for the unsupported conclusory statement that the figures “ are erroneous and fictitious.”
In order to sustain the action plaintiff must connect the alleged false statements with the transaction through tangible facts and show resultant damage. A mere “ claim ” of damage must be disregarded in the absence of a factual showing thereof (Ritzwoller v. Lurie, 176 App. Div. 100, 104, 105,) for “ a direct and positive injury ” must arise from the false assertion (White v. Merrittt, 7 N. Y. 352, 356). The allegation of damages in the complaint does not constitute proof (Pribyl v. Van Loan & Co., 261 App. Div. 503, affd. 287 N. Y. 749), as it is simply the plaintiff’s conclusion that he has been injured (see Eppley v. Kennedy, 131 App. Div. 1, 4) and, not being evidentiary, it is 1 ‘ not issuable ’ ’. (Stern v. Andrew, 249 App. Div. 171, 173.)
Clearly, in light of the Referee’s preparation for the closing and his detailed statement of same, “ no fact is set forth as a basis for the deduction” that plaintiff’s president was unpre *1076 pared (Robinson v. Syracuse R. T. Ry. Co., 100 App. Div. 214, 217). Plaintiff does not show what rental figures were unavailable to it. The Referee, ordered to act in its place, certainly lacked no such figures or otherwise prevented its participation in the closing. The alleged damage is neither plainly defined nor clearly ascertainable nor is there any certainty that any injury resulted from the lack of closing figures, if such lack did exist, or even from plaintiff’s failure to participate in the closing (Jelenk v. Albert, 133 Misc. 28).
In my opinion the defendant’s proof is prima facie a complete defense to the action as to which plaintiff has produced no facts sufficient to raise an issue as to any real connection between the alleged false statements and the transaction. Nor has plaintiff sufficiently controverted the verity and conclusiveness of the documentary evidence (Lindley v. Robillard, 208 Misc. 532, 535). Finally, there is no factual showing of damages capable of being established upon trial nor a bona fide issue requiring a trial (Ball v. United Artists Corp., 13 A D 2d 133, 135). The motion is in all respects granted.