■ NELL E. McMAINS, Appellant-Respondent, v. THOMAS F. McMAINS, Respondent-Appellant.— Order of the Supreme Court, Queens County, dated April 22, 1966, modified, on the law and the facts, by (1) striking from the first decretal paragraph the provision denying plaintiff's motion to reject the Special Referee's report and providing instead that said motion is granted to the extent that alimony to plaintiff is increased to $450 per month; (2) amending the sixth ordering paragraph accordingly, so that the judgment of divorce is amended to provide that plaintiff's alimony shall be $450 per month; (3) amending the seventh ordering paragraph so that it shall direct that the increase of alimony to $450 per month shall be effective as of June 3, 1963 instead of February 2, 1966; and (4) striking from the second decretal paragraph the provision granting, to a stated extent, defendant's motion to reject so much of the report as would fix plaintiff's alimony at $350 per month and providing instead that said motion is denied. As so modified, order affirmed, with costs to plaintiff. In our opinion, Special Term's allowance of $300 per month for alimony was inadequate and $450 per month is fair under all the circumstances of this case. Beldock, P. J., Brennan, Rabin, Hopkins and Benjamin, JJ., concur.

■ LOUIS MELTZER, Respondent, v. MAX KLEIN et al., Appellants, et al., Defendants.— Appeal by defendants Max Klein and Millie Klein from so much of an order of the Supreme Court, Kings County, dated August 10, 1966, as denied the portion of their motion which was to dismiss the third cause of action in plaintiff's complaint. Order reversed insofar as appealed from, with $10 costs and disbursements; the first ordering paragraph of the order is struck out; and the third cause of action is dismissed, with leave to plaintiff to serve an amended complaint as to appellants within 20 days after entry of the order hereon. In our opinion, the third cause of action, which is in fraud and against the appealing defendants only, is legally insufficient. Plaintiff has omitted from this cause any specification of the allegedly fraudulent representations made by appellants other than allegations that (1) they entered into an agreement with plaintiff and the corporate defendant whereby in exchange for investments by plaintiff and appellant Max Klein the corporate defendant would issue stock and (2) " the defendants" never intended in good faith to give plaintiff his rightful corporate shares and debentures. However, bare allegations of fraud without any allegation of the details constituting the wrong are not sufficient to sustain such a cause of action (CPLR 3016, subd. [b]; *Ingraham* v. *International Salt Co.*, 114 App. Div. 791); and plaintiff's characterization of the representations as being fraudulent is not sufficient to sustain the cause (*Knowles* v. *City of New York*, 176 N. Y. 430, 437). Furthermore, the fact that the corporate defendant did not intend to give plaintiff his shares does not state a cause of action against appellants, absent any showing that they were acting in any corporate capacity when they contracted with plaintiff (*Ritzwoller* v. *Lurie*, 225 N. Y. 464; *Stephans* v. *Apostol*, 17 A D 2d 982). Finally, although CPLR 3026 mandates that we liberally construe the pleadings, it also provides that we may not ignore a defect that is prejudicial to the opposing party. Because of the complete failure of the complaint to comply with the requirement of CPLR 3013 that it give notice to the appealing defendants of the material elements of the third cause of action, they will be prejudiced in being unable to prepare a defense. Christ, Acting P. J., Brennan, Hopkins, Benjamin and Munder, JJ., concur.