■ IRENE HIRN, Respondent, v. MANSON HARRIS, Individually and Doing Business as HARRIS & NICHOLS, Appellant, et al., Defendant.— Order entered December 7, 1967, denying motion to dismiss complaint unanimously reversed on the law and motion granted with leave however to plaintiff to apply to Special Term to serve an amended complaint, without costs and disbursements to either party. Defendant's motion to dismiss the complaint was based on two grounds: that the court did not acquire jurisdiction by service without the State, and that the complaint does not state a cause of action. We agree with Special Term that service was properly effected. The complaint however is defective. The action is in fraud arising out of the sale of oil leases. Aside from patently conclusory allegations, no fraud is set out. The complaint fails to state in what respect the alleged representations were false, whether they referred to past or future earnings of the property; and if future earnings are included, the representations misstated defendant's actual belief. To limit further applications on the motion to replead, plaintiff should submit the proposed amended complaint with sufficient factual support by way of affidavit, so that Special Term may be in a position to pass on its validity. Concur — Eager, J. P., Steuer, Tilzer, Rabin and Macken, JJ.

## (October 17, 1968)

■ PETER G. TREVES, on Behalf of Himself and All Other Bondholders of Mohawk and Malone Bonds, Similarly Situated, Appellant, v. NEW YORK CENTRAL RAILROAD COMPANY et al., Respondents. Order entered May 20, 1968, unanimously affirmed, with $50 costs and disbursements to respondents. Concur — Capozzoli, Tilzer and McGivern, JJ.; Eager, J., concurs in the following memorandum. I concur in the affirmance as I conclude that the plaintiff's causes of action are framed to enforce causes of action primarily vested in the trustees for breach of obligations of the first and second bonds and mortgages of the particular railroad company and that the plaintiff's noncompliance with the " no-action clauses " of the mortgages bars plaintiff's suit. In view of this conclusion, plaintiff would not be precluded by the dismissal of this action from maintaining a declaratory judgment action for a declaration as to the rights and obligations of the defendant railroad company and the trustees with respect to proceeds of sale of premises released from liens of the mortgages, nor would it bar an action by bondholders to recover for willful misconduct, if any, of the trustees.