■  Josephine Biggar, Appellant, v David R. Buteau, Respondent.— Appeal from an order of the Supreme Court at Special Term, entered July 22, 1975 in Delaware County, which granted defendant's motion to dismiss plaintiff's amended complaint for failure to state a cause of action with leave to plaintiff to apply to Special Term to replead. We agree with Special Term that the amended complaint is defective. The gravamen or gist of the cause of action is fraud. Aside from conclusory allegations, no fraud is alleged. CPLR 3013 requires a pleading to set forth not only a statement with sufficient particularity to give the court and parties notice of the transaction, but also "the material elements of each cause of action". In addition, CPLR 3016 (subd [b]) requires that in an action based upon fraud "the circumstances constituting the wrong shall be stated in detail." The amended complaint lacks the basic rudiments mandated by these provisions *(Channel Master Corp. v Aluminium Ltd. Sales,* 4 NY2d 403; *Meltzer v Klein,* 29 AD2d 548; 3 Weinstein-Korn-Miller, NY Civ Prac, par 3016.05). "Bare allegations of fraud without any allegation of the details constituting the wrong are not sufficient to sustain such a cause of action (CPLR 3016,

subd [b]; *Ingraham v International Salt Co.,* 114 App Div 791); and plaintiff's characterization of the representations as being fraudulent is not sufficient to sustain the cause". *(Meltzer v Klein, supra,* p 548.) Plaintiff's allegations that defendant acted "fraudulently" or "engaged in trickery" or "chicanery" are merely conclusions insufficient to allege causes of actions based on fraud *(Block v Landegger,* 44 AD2d 671; *Hirn v Harris,* 30 AD2d 951). If plaintiff needs additional information to frame her complaint, procedure is available to conduct an examination for that purpose (CPLR 3102, subd [a]; *Green v Green's Auto Gear & Parts Co.,* 35 AD2d 924; 3A Weinstein-Korn-Miller, NY Civ Prac, par 3102.11). Order affirmed, without costs. Greenblott, J. P., Sweeney, Kane, Larkin and Reynolds, JJ., concur.