■ YVES SALOMON et al., Respondents, v MICHAEL BERGIN, Appellant.— In an automobile negligence action to recover damages for personal injuries, etc., defendant appeals from an order of the Supreme Court, Kings County, dated September 30, 1977, which denied his motion for a protective order vacating a notice for the discovery and inspection of a copy of any statement given by the defendant to his insurance representative, broker or agent with reference to the accident in question. Order reversed, with $50 costs and disbursements, and motion granted. The matter sought constitutes material prepared for the purposes of litigation and as such cannot be obtained (see CPLR 3101, subd [d]; *Finegold v Lewis*, 22 AD2d 447; *Kandel v Tocher*, 22 AD2d 513; 3A Weinstein-Korn-Miller, NY Civ Prac, par 3101.50b). Latham, J. P., Rabin, Gulotta and Cohalan, JJ., concur.

■ SHEEPSHEAD CYCLE SHOP, INC., Respondent, v CUEVAS BICYCLES, LTD., et al., Defendants, and ANGELO FINOCCHIARO, Appellant.—In an action to recover damages for fraud, defendant Angelo Finocchiaro appeals from an order of the Supreme Court, Kings County, dated June 10, 1977, which denied his motion to dismiss the complaint for failure to state a cause of action. Order affirmed, with $50 costs and disbursements. Plaintiff-respondent's allegations are sufficient to constitute a cause of action to recover damages for fraud and to apprise appellant of what is to be established at the trial. The five elements that constitute a cause of action for fraud are pleaded (see *Ochs v Woods*, 221 NY 335, 338; accord *Channel Master Corp. v Aluminum Ltd. Sales*, 4 NY2d 403) and they are sufficiently particularized to give appellant notice of the transactions or occurrences intended to be proved (see CPLR 3013; 3016, subd [b]; *Foley v D'Agostino*, 21 AD2d 60, 64). They are not the "bare allegations of fraud" that have been held to be insufficient to withstand a motion to dismiss a pleading (see *Meltzer v Klein*, 29 AD2d 548). Whether plaintiff can establish the allegations of its complaint is "necessarily reserved for trial" (see *Channel Master Corp. v Aluminum Ltd. Sales, supra*, p 408; cf. *Brady & Co. v Concrete Plank Co.*, 56 AD2d 591). Latham, J. P., Rabin, Gulotta and Cohalan, JJ., concur.

■ DON SHILLINGFORD, Respondent, v JAMES A. GRAHAM, Appellant.— In a negligence action to recover damages for personal injuries, defendant appeals from a judgment of the Supreme Court, Queens County, dated September 8, 1977, which is in favor of plaintiff, after a nonjury trial. Judgment reversed, on the facts, and new trial granted, with costs to abide the event. The findings of the Trial Justice are against the weight of the evidence. Hopkins, J. P., Damiani, Rabin and Shapiro, JJ., concur.