■ ORMOND GILL et al., Respondents, v CARIBBEAN HOME REMODELING Co., INC., et al., Defendants, and PRICE WALTERS ASSOCIATES, INC., Appellant. —In an action, *inter alia,* to recover damages for breach of contract, defendant Price Walters Associates, Inc., appeals from so much of an order of the Supreme Court, Queens County, dated July 3, 1979, as denied the

branches of its motion which sought (1) dismissal of plaintiffs' first and fourth causes of action for failure to state a cause of action, and (2) summary judgment on the second, third and fourth causes of action. Order modified, on the law, by deleting the provision which denied the "balance of the motion", and substituting therefor provisions (1) dismissing the first cause of action for fraud, with leave to plaintiffs to replead said cause of action, (2) reducing the claim of damages against appellant in the second and third causes of action, for breach of contract and breach of warranty, respectively, so as not to exceed the amount of indebtedness allegedly owed to appellant, and (3) dismissing the fourth cause of action for harassment, with leave to plaintiffs to replead said cause of action. As so modified, order affirmed insofar as appealed from, without costs or disbursements. This is an action by the plaintiffs homeowners to recover damages on various theories from, *inter alia,* defendant Price Walters Associates, Inc., a corporation engaged in the business of home improvement financing. Said action arose out of certain home improvements that were to be performed in plaintiffs' residence by defendant Caribbean Home Remodeling Co., Inc., a home improvement company that has not answered or appeared in this action. In our opinion, plaintiffs' first cause of action for fraud fails to comply with the requirement of particularity set forth in CPLR 3016 (subd [b]). Bare allegations of fraud without any allegation of the details constituting the wrong are clearly not sufficient to sustain such a cause of action (see *Knowles v City of New York,* 176 NY 430; *Biggar v Buteau,* 51 AD2d 601; *Meltzer v Klein,* 29 AD2d 548; 3 Weinstein-Korn-Miller, NY Civ Prac, par 3016.04). As a result of the failure of plaintiffs' complaint to be sufficiently particular (see CPLR 3013), appellant would be substantially prejudiced in preparing a defense (see CPLR 3026; *Meltzer v Klein, supra).* Thus, e.g., plaintiffs' allegation in opposition to appellant's motion that "contracts and other documents" were forged should be pleaded with particularity. The second and third causes of action, for breach of contract and breach of warranty, respectively, in our view, allege facts properly to be resolved by the trier of fact. The retail installment contract allegedly entered into by the parties provides, in conformance with Federal law (see 16 CFR 433.2), that the assignee of the contract (appellant) is subject to all claims which the debtor (plaintiffs) can assert against the seller (defendant Caribbean Home Remodeling Co., Inc.), though recovery by the debtor is limited in said provision to the amount of indebtedness allegedly owed to the holder of the retail installment obligation. Thus, plaintiffs' claim of damages should be reduced accordingly. In the absence of specific allegations concerning the acts complained of, plaintiffs' fourth cause of action for harassment fails to state a cause of action, and is dismissed with leave to plaintiffs to replead (see CPLR 3013, 3026). Mangano, J. P., Gulotta, Cohalan and Gibbons, JJ., concur.