■ PETE's CORNER, INC., Respondent, v E-MILJUD, INC., et al., Appellants. — In an action to recover damages for fraud in connection with the sale by defendants of the inventory of a business, defendants appeal from an order of the Supreme Court, Westchester County (Ruskin, J.), dated December 15, 1980, which denied their motion for summary judgment dismissing the complaint. Order affirmed, with $50 costs and disbursements. Plaintiff seeks damages for fraud based upon representations made by defendants that the business inventory was worth $90,000 net of retail mark-ups, whereas it was subsequently discovered that the value was only $55,000. Defendants contend that parol evidence of these allegedly fraudulent representations is barred by certain specific written representations made by plaintiff and included within the contract. The relevant clauses of the contract read as follows: "[that the buyer has] inspected all of the items of personal property being sold herein and [is] fully familiar with the condition thereof * * * [and is] fully familiar with the inventory of merchandise presently at the Premises, and [is] familiar therewith * * * Buyer represents that it is fully familiar with the condition of the aforesaid equipment, fixtures, inventory and good will, which is being sold hereunder and takes the same 'as is' ". There is also a general merger clause in the contract. We hold that although these written provisions would be adequate to bar plaintiff from bringing this action were it contesting either the quantity or quality of the inventory, the same cannot be said where the action is one seeking damages for fraudulent representations as to value. The language of the disclaimer is not so specific so as to allow a determination that plaintiff did not rely on any representations which defendants may have made as to the wholesale value of the inventory. (See *Danann Realty Corp. v Harris,* 5 NY2d 317; *Seaman-Andwall Corp. v Wright Mach. Corp.,* 31 AD2d 136.) The presence of a general merger clause will not bar parol evidence of alleged fraudulent representations. *(Barash v Pennsylvania Term. Real Estate Corp.,* 26 NY2d 77; *Galgani v Fleming,* 56 AD2d 644; *Crowell-Collier Pub. Co. v Josefowitz,* 5 NY2d 998.) We note that the contract also contained a survival of representations clause. Defendants further contend that representations, if any, made by them as to value are not actionable for fraud as they are mere expressions of opinion. While this may be true in the ordinary case where the property involved is capable of being subjectively valued (see *Yoss v Sacks,* 26 AD2d 671), it is not true at bar. Here, the alleged representations relate to the aggregate wholesale cost of a business inventory. This figure is capable of being objectively calculated and, as such, it is a "fact" as opposed to an "opinion". Therefore, misrepresentations as to such value are actionable. Triable issues of fact are present which mandate resolution at a trial. (See

*Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395.) Cohalan, J. P., Margett, O'Connor and Thompson, JJ., concur.