■ EDWARD J. GLASSMAN et al., Respondents, v VANDEN J. CATLI et al., Appellants. — In an action, *inter alia*, to recover

damages for fraud, defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (McInerney, J.), dated August 15, 1984, as denied their motion made pursuant to CPLR 3211 (a) (7), to dismiss the complaint on the ground that it failed to state a cause of action.

Ordered modified, on the law, by granting the motion to the extent that the first, second and third causes of action of the complaint are dismissed. As so modified, order affirmed insofar as appealed from, with costs to defendants.

Special Term erred in treating the instant motion as one in the nature of a motion for summary judgment. The question here was not whether an issue of fact existed warranting trial, or even whether there is any evidentiary support for the complaint, but whether it can be determined, from within the four corners of the complaint, that plaintiffs have stated any cognizable cause of action (*see, e.g., Underpinning & Found. Constructors v Chase Manhattan Bank,* 46 NY2d 459, 462; *Guggenheimer v Ginzburg,* 43 NY2d 268, 274-275; *Holly v Pennysaver Corp.,* 98 AD2d 570, 571-572; *Foley v D'Agostino,* 21 AD2d 60, 65). Even considering the complaint in the light most favorable to plaintiffs, as we must, it is clear that no cause of action sounding in fraud is set out by the complaint. Bare, conclusory allegations of fraud are insufficient to sustain a cause of action sounding in fraud (*see, Gill v Caribbean Home Remodeling Co.,* 73 AD2d 609, 610; *Lanzi v Brooks,* 54 AD2d 1057, *affd* 43 NY2d 778, 780; *New York Fruit Auction Corp. v City of New York,* 81 AD2d 159, 161, *affd* 56 NY2d 1015).

Here, contrary to the requirements of CPLR 3016 (b), no facts or circumstances are detailed in support of plaintiffs' purely conclusory allegations that the representations made by defendant Catli, *inter alia,* as to his experience, were false, nor do they allege any facts tending to connect their alleged losses with the alleged fraudulent representations. Nor is discovery warranted under the circumstances here pursuant to CPLR 3211 (d) in aid of plaintiffs' causes of action for fraud. "When facts are necessary for a party to properly oppose a motion to dismiss, and those facts are within the sole knowledge or possession of the movant, discovery is sanctioned if it has been demonstrated that such facts may exist" (*Cosmos Mason Supplies v Lido Beach Assoc.,* 95 AD2d 818; *Amigo Foods Corp. v Marine Midland Bank-N.Y.,* 39 NY2d 391, 395). No such facts have been shown here. Further, the misrepresentations that plaintiffs allege, namely, that account executive Catli had "experience", that he had a plan for their accounts and that he would be supervised, either were mere statements of puffing, or were promissory statements to do

some act in the future, and as such they are not actionable unless, as has not been shown here, there existed a present intent to deceive at the time that the statements were uttered (*see, Sabo v Delman,* 3 NY2d 155, 160; *Lanzi v Brooks, supra; Tribune Print. Co. v 263 Ninth Ave. Realty,* 57 NY2d 1038; *Harris v Camilleri,* 77 AD2d 861, 863).

However, defendants' motion should be denied with respect to the negligence causes of action. Although inartfully pleaded, those allegations at least serve to give defendants some notice of the transactions and occurrences upon which the claim is based. Mollen, P. J., Niehoff, Rubin and Lawrence, JJ., concur.