◼ JULIA L. ASHE, Also Known as JULIA L. COLIS, Appellant, v 1907 DITMAS AVE. REALTY CORP. et al., Defendants, and MORTON LUCHS et al., Respondents.—In an action to recover damages based upon allegations of fraud and deceit in connection with the purchase and sale of certain real property, the plaintiff appeals from an order of the Supreme Court, Kings County (Bernstein, J.), dated June 12, 1984, which granted the motion of the defendants Anthony J. Cerrato, Jr., Leo A. Sweeney, Julius Cohn, Carl Stahl and L. Victor Vaccaro for summary judgment dismissing the complaint as against them and granted the cross motion of the defendant Morton Luchs

for summary judgment dismissing the complaint as against him, and canceled and vacated a notice of pendency filed against the premises known as 1907 Ditmas Avenue, Brooklyn, New York.

Ordered that the order is affirmed, with one bill of costs.

The plaintiff's verified complaint fails to allege an essential element of a cause of action to recover damages for fraud and deceit as against the members of the law firm of Cerrato, Sweeney, Cohn, Stahl & Vaccaro (hereinafter Cerrato), which represented the sellers of the real property that the plaintiff had contracted to purchase, to wit, that she relied upon certain misrepresentations allegedly made by Cerrato in connection with her execution of an agreement dated September 14, 1983, in which the plaintiff purportedly waived all defenses to three actions, including a foreclosure action previously commenced against her by the sellers (the defendants Saul and Barbara Luchs). Paragraph THIRTY-SECOND of the complaint states, in part, that the plaintiff had retained a Brooklyn attorney to represent her in connection with the pending foreclosure sale of the property located at 1907 Ditmas Avenue, scheduled to take place on September 14, 1984, and that he advised her that the "judgment of foreclosure was in fact legally obtained". Thus, even if the plaintiff acted in reliance upon such representations, she conceded doing so upon the advice of independent counsel and, therefore, cannot maintain her action against Cerrato (see, Abbate v Abbate, 82 AD2d 368, 377-378).

With respect to the defendant Morton Luchs, who was merely a grantee of the deed executed as part of the September 14, 1983 agreement and who was, by the plaintiff's own admission, a disinterested party up to and including that date, it is clear that the plaintiff failed to state a cause of action against him since she did not set forth the details of his conduct which allegedly constituted fraud (see, CPLR 3016 [b]; Glassman v Catli, 111 AD2d 744, 745; Gill v Caribbean Home Remodeling Co., 73 AD2d 609, 610).

Although we conclude that the issues raised on the plaintiff's appeal lack merit, it cannot be said that the appeal is so frivolous as to warrant the imposition of monetary sanctions (see, Ltown Ltd. Partnership v Sire Plan, 108 AD2d 435, 443-444). Bracken, J. P., Niehoff, Eiber and Sullivan, JJ., concur.