■ FRANK A. AUGSBURY, JR., et al., Appellants, v CHARLES ADAMS et al., Respondents.—Kane, J. Appeal from an order of the Supreme Court (Viscardi, J.), entered December 15, 1986 in St. Lawrence County, which, *inter alia,* granted defendants' cross motion for summary judgment dismissing the amended complaint.

When this matter was before this court on a prior occasion, we affirmed the dismissal of an action for breach of contract, the second of the three causes of action in the amended complaint, leaving a cause of action for fraud and, in the alternative, rescission, following the sale by defendants to

plaintiffs of a quantity of jade jewelry (108 AD2d 978). We now affirm the dismissal of those two surviving causes of action.

Plaintiffs were experienced art collectors familiar with the jade market who initiated the negotiations with defendants which were consummated after extensive negotiations between the parties, at arm's length. At the time of the sale, plaintiffs were given the opportunity to have the jade appraised by their own appraiser, in accordance with defendants' long-standing policy. Plaintiffs declined the offer. The record does not establish elements necessary to sustain a cause of action for fraud, and the bare allegation thereof in a complaint is clearly insufficient *(see, Brown v Lockwood,* 76 AD2d 721, 732; *Biggar v Buteau,* 51 AD2d 601). Furthermore, the affidavits and testimony of expert appraisers attest to the fact that the value of jade fluctuates with the condition of the world market and depends upon the preferences of the individual collector. As such, jade is capable only of subjective opinion as to value and cannot receive objective valuation. Under the circumstances, Supreme Court was correct in applying the general rule that representations as to the value of property are considered matters of opinion and do not provide the basis for a cause of action in fraud *(see, Van Slochem v Villard,* 207 NY 587, 590; *Irving Trust Co. v La Pilar Realty,* 56 AD2d 532; 60 NY Jur 2d, Fraud & Deceit, § 74, at 542).

The cause of action for rescission must fail because plaintiffs admit that in the fall of 1983 all of the jade was sold except one necklace, which was damaged. Since the parties by their own actions accepted the benefits of the sale, they may not now disaffirm that transaction *(see, Clearview Concrete Prods. v S. Charles Gherardi, Inc.,* 88 AD2d 461).

Finally, we agree that there is no cause of action stated under General Business Law § 239-c in the *amended* complaint and, thus, any cause of action under that section contained in the *original* complaint cannot be considered *(see, Hawley v Travelers Indem. Co.,* 90 AD2d 684). Additionally, an examination of the statute discloses that "jade" is not an item to which the statute might apply. Accordingly, the amended complaint, in its entirety, was properly dismissed and the question of the propriety of quashing defendants' subpoena duces tecum is academic.

Order affirmed, with costs. Mahoney, P. J., Kane, Casey and Weiss, JJ., concur; Harvey, J., not taking part.