■ MINISTRY OF CHRIST CHURCH, Appellant, v CARMEN P. MALLIA, Individually and as an Officer of CARMEN GOODY POOLS, INC., Defendant, and SMITH PONTIAC CENTER, INC., et al., Respondents.—Kane, J. Appeals from two judgments of the Supreme Court (Mercure, J.) in favor of defendants Smith Pontiac Center, Inc., and Carmen Goody Pools, Inc., entered October 20, 1987 and October 21, 1987 in Schenectady County, upon a dismissal of the complaint against said defendants at the close of plaintiff's case.

Plaintiff, Ministry of Christ Church, commenced this action against defendants, Carmen P. Mallia, Smith Pontiac Center, Inc. (hereinafter Smith Pontiac) and Carmen Goody Pools, Inc. (hereinafter Carmen Goody). The suit was based on the purchase in 1978 of a Pontiac Firebird Trans Am sports car by Mallia from Smith Pontiac. Plaintiff's complaint alleged that Smith Pontiac entered into a conspiracy with Mallia and Carmen Goody to defraud plaintiff. Plaintiff claimed that the

car should have been titled in its name, instead of Mallia's name. A trial ensued and at the close of plaintiff's case, Supreme Court dismissed the fraud claim against Smith Pontiac and Carmen Goody. Plaintiff has appealed.

Through the evidence and testimony presented at trial, the following facts were elicited. Plaintiff's membership consists primarily of the family members of its pastor, Sam De Cesare. Mallia was a member of plaintiff and was married to De Cesare's daughter, Dawn. When plaintiff decided in 1978 to purchase a vehicle, it authorized Mallia to buy the vehicle on its behalf, to tender the necessary funds and to sign all of the relevant documents. Plaintiff had previously received a sales tax exemption certificate from the State, which it had apparently used to purchase other vehicles used primarily by De Cesare's family, allegedly for church purposes.

At the time of the sale, Mallia, along with his wife, provided Smith Pontiac with the sales tax exemption certificate, as well as a certificate of ordination showing Mallia as a minister in plaintiff. Mallia executed a purchase order and according to Smith Pontiac's president, at Mallia's request, the order was later changed to add the name "Paul Mallia, Minister". On the invoice of the sale, it read "Ministry of Christ Church, Paul Mallia, Minister". The warranty and rustproofing warranty used both plaintiff's name and Mallia's name in his capacity as minister and title to the vehicle was in Mallia's name. Other than service adjustments on the car in 1978, there was no further contact between Smith Pontiac and plaintiff or Mallia.

Testimony also revealed that Mallia's wife was the primary driver of the vehicle, that plaintiff never monitored the vehicle's use and that Mallia paid all of the vehicle's expenses, including insurance, gas and registration. It was garaged at Mallia's home and never listed as an asset on plaintiff's records. Plaintiff was aware of all of the above. Mallia's wife testified that she used the vehicle to travel to and from work, for other personal uses, as well as to take De Cesare to the hospital for medical treatments, which she defined as a church purpose. In 1981, the vehicle was repossessed at the request of Carmen Goody. This apparently occurred after marital difficulties arose between Mallia and his wife. In January 1979, title to the vehicle had been transferred to Carmen Goody, a company in which Mallia was an employee and shareholder.

Given these facts, it is clear that plaintiff failed as a matter of law to prove its allegations of fraud and conspiracy against Smith Pontiac and Carmen Goody. Supreme Court, therefore,

properly dismissed these claims as against these two parties. The essential elements in an action alleging fraud are a representation of a material existing or preexisting fact, falsity, intent to deceive, deception and injury *(Lyons v Quandt,* 91 AD2d 709, 710; *Brown v Lockwood,* 76 AD2d 721, 730). Furthermore, the party asserting fraud must prove its claim by clear and convincing evidence *(Simcuski v Saeli,* 44 NY2d 442, 452; *Rudman v Cowles Communications,* 30 NY2d 1, 10).

As to the allegation of fraud against Carmen Goody, there was simply no evidence presented at trial to support this claim. With respect to Smith Pontiac, we deal with each of the required elements separately. To show an intent to deceive, it must be established that the person making the representations knew, at the time they were made, that they were false *(Kountze v Kennedy,* 147 NY 124, 129). Here, plaintiff failed to produce any credible evidence of an intent to deceive by Smith Pontiac. Mallia was authorized by plaintiff to act on its behalf and Smith Pontiac merely complied with Mallia's requests to add his name to the relevant documents. His name was placed "as minister". While plaintiff tried to argue that Mallia was not its minister, no proof was presented to support this claim or to show that the certificate of ordination was not valid.

There was also no evidence of any false representations by Smith Pontiac. The evidence showed that the purchase order was changed at Mallia's request. All of the relevant documents bore either plaintiff's name, Mallia's name in his capacity as minister, or both of their names. This was also in accordance with the sales tax regulations which pertain to sales to exempt organizations. To exercise its right to the exemption, the organization must be a direct purchaser and this includes an agent authorized to act on its behalf provided the organization and agent are both identified on any bill or invoice (20 NYCRR 529.7 [h] [2]). This is precisely the case here. As plaintiff's authorized agent, Mallia qualified as a direct purchaser and Mallia's name and plaintiff's name both were on the invoice. The regulations also provide that it is not up to the seller to establish the validity of the organization presenting the certificate of exemption (20 NYCRR 533.2 [b] [4]). Thus, no false representations were shown to have been made by Smith Pontiac.

There was also no evidence that plaintiff was deceived or that it relied to its detriment on any representations by Smith Pontiac. Additionally, as noted, Mallia paid all the vehicle's expenses, its use was not monitored by plaintiff and it was not

listed as one of plaintiff's assets. Likewise, no evidence of injury due to any representations was shown.

Finally, there was no evidence submitted to show any conspiracy to defraud plaintiff. A contention of conspiracy between defendants without proof of tortious conduct on their part is insufficient (see, *Routsis v Swanson,* 26 AD2d 67, 71). The only evidence presented showed that Smith Pontiac merely followed the instructions of Mallia, who was plaintiff's representative, and nowhere was it shown that Smith Pontiac was led to believe that Mallia was not authorized to place the vehicle in his name in his capacity as minister. Similarly, there was simply no proof to support any claim of conspiracy against Carmen Goody.

Judgments affirmed, without costs. Mahoney, P. J., Kane, Casey and Weiss, JJ., concur.