■ ATLANTIC WELDING SERVICES, INC., Plaintiff, v WESTCHESTER STEEL FABRICATORS CORPORATION, Defendant and Third-Party Plaintiff-Respondent, and GUISEPPE PALMISANO, Third-Party Defendant. GIANFRANCO STEFFE, Third-Party Defendant-Appellant.—Casey, J. P. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Bergerman, J.), entered May 16, 1990 in Rockland County, which, *inter alia,* denied third-party defendant Gianfranco Steffe's motion to dismiss the third-party complaint against him.

At issue on this appeal is whether the third-party complaint states a cause of action based upon fraud against third-party defendant Gianfranco Steffe. Prior to March 18, 1988, Steffe and two others were the owners of all the shares of defendant, a corporation engaged in the construction business. By a redemption agreement dated March 18, 1988, defendant purchased the shares of Steffe and one of the other shareholders. Defendant also released Steffe from any and all claims except those arising out of the redemption agreement.

In determining the amount to be paid for the shares to be purchased by defendant pursuant to the redemption agreement, the parties took into consideration the accounts payable owed by defendant, including the amount of $19,625 listed in

the corporate books as owed to plaintiff, which performed certain subcontracting work for defendant. The gravamen of defendant's fraud cause of action against Steffe is contained in the following allegations of the third-party complaint:

"9. That prior to the signing of the agreement dated March 18, 1988, but after an oral understanding to buy the shares of the third-party Defendants, a series of invoices were sent to [Defendant] in the approximate sum of $89,998.00 by the Plaintiff.

"10. Part of the responsibilities of [Steffe] was the overall supervision of the work done by the Plaintiff on behalf of [Defendant].

"11. * * * Steffe represented to Vincent Sergi and [Defendant] that the invoices of Plaintiff were vastly overstated and that the most the Plaintiff was entitled to was $20,000.00 and this number was given to the [Defendant's] Accountants.

"12. The [Defendant] relying on the representations of its officer and employee * * * Steffe completed the buyout of the stock of * * * Steffe and Giuseppe Palmisano.

"13. That notwithstanding the representations made by Steffe, the Plaintiff has instituted an action against [Defendant] in the sum of $89,998.00.

"14. That if * * * Steffe had not fraudulently misrepresented the true value of the debt owed to Plaintiff, Defendant would either not have bought out [Steffe's and Palmisano's] shares for the amount set forth in the agreement or not at all."

The essential elements of a fraud cause of action are a representation of a material existing or preexisting fact, falsity, intent to deceive, deception and injury *(Ministry of Christ Church v Mallia,* 148 AD2d 784, 786). "There must be a representation of fact, which is either untrue and known to be untrue or recklessly made, and which is offered to deceive the other party and to induce them to act upon it, causing injury" *(Jo Ann Homes v Dworetz,* 25 NY2d 112, 119). Assuming that defendant's allegations in its third-party complaint are sufficient to establish that Steffe made a representation of fact and not merely an expression of opinion *(compare, Pete's Corner v E-Miljud, Inc.,* 84 AD2d 761, *with Augsbury v Adams,* 135 AD2d 941), the complaint fails to allege that Steffe knew the representation to be untrue or that he made it recklessly, nor is there any allegation of an intent to deceive.

As to the element of deception, a party claiming to have been deceived by a false representation must not only believe

that the representation is true, but must also be justified in taking action in reliance thereon *(Lanzi v Brooks,* 54 AD2d 1057, *affd* 43 NY2d 778). The allegations of the third-party complaint show that prior to its execution of the redemption agreement, defendant was aware of a series of invoices from plaintiff totaling nearly $90,000. Instead of investigating the merits of these claims for itself, defendant elected to rely upon Steffe's statements that the invoices were vastly overstated and that plaintiff was entitled to no more than $20,000. Despite the requirement that the circumstances constituting the wrong be stated in detail where a cause of action based upon fraud is asserted (CPLR 3016 [b]), the third-party complaint contains no factual allegations of any justification for defendant's election to rely on Steffe's representation instead of investigating the matter itself.

For these reasons, we find the allegations of the third-party complaint insufficient to state a cause of action based upon fraud. Steffe's motion to dismiss the complaint should have been granted, and the order should be modified accordingly.

Order modified, on the law, with costs to third-party defendant Gianfranco Steffe, by reversing so much thereof as denied third-party defendant Gianfranco Steffe's motion; motion granted and third-party complaint dismissed against said party; and, as so modified, affirmed. Casey, J. P., Mikoll, Levine, Mercure and Crew III, JJ., concur.