■ JOAO FLORA et al., Appellants, v KINGSBRIDGE HOMES, a Division of KINGSBRIDGE ENTERPRISES, INC., et al., Respondents. [625 NYS2d 680] —Spain, J. Appeals (transferred to this Court by order of the Appellate Division, Second Department) (1) from an order of the Supreme Court (Nicolai, J.), entered May 5, 1993 in Westchester County, which granted defendants' motion to dismiss the complaint for failure to state a cause of action, and (2) from the judgment entered thereon.

In January 1992 plaintiffs entered into a contract to sell real property they owned in the Village of Mamaroneck, Westchester County, to Washingtonville Housing Alliance (hereinafter Washingtonville), a not-for-profit housing corporation, for a purchase price of $150,000. The contract shows that

at the time of its execution plaintiffs were represented by an attorney. The closing date was initially scheduled for April 3, 1992 and the contract did not include a "time is of the essence" clause.

Within weeks of the execution of the aforementioned contract, representatives of defendants contacted plaintiffs and expressed a desire to enter into an option agreement for the purchase of the same premises. On March 2, 1992, after repeated contact by defendants' representatives, plaintiff Lira Flora, without consulting her attorney, executed an option agreement with defendant Kingsbridge Homes. The option agreement was to be effective for 30 days, commencing on April 4, 1992, for a purchase price of $152,500. The option agreement recites the existence of the pending contract. Plaintiffs' attorney was made aware of the option agreement no later than March 5, 1992.

The original Washingtonville closing date of April 3, 1992 was rescheduled, upon consent of the parties, to April 6, 1992. On April 6, 1992 the attorney for defendants appeared at the closing and objected to the closing based upon the existence of the option agreement. As a direct result of defendants' objections, plaintiffs and Washingtonville did not complete the closing on that date. Thereafter the facts of the matter were publicized in the local media, which resulted in considerable public controversy. Defendants ultimately elected not to exercise the option. Plaintiffs and Washingtonville eventually closed title on the property on August 26, 1992. Due to the lengthy delay caused by defendants' objections, plaintiffs have alleged damages which include various maintenance costs on the property as well as counsel fees associated with the originally scheduled closing.

Plaintiffs commenced this action for fraud and misrepresentation as well as for the mental and emotional distress they suffered as a result of the public controversy over the property; they sought actual, compensatory and punitive damages. Supreme Court dismissed the complaint, upon defendants' motion pursuant to CPLR 3211 (a) (7), for failure to state a cause of action. Plaintiffs appeal.

Plaintiffs claim that defendants misrepresented the significance of the option agreement and, further, that they took advantage of plaintiffs' difficulty in speaking and comprehending the English language. Defendants argue that the record does not reveal any false representation made by their representatives.

To state a cause of action for fraud, the allegations of which must be pleaded with particularity *(see,* CPLR 3016 [b]), a plaintiff must show, by clear and convincing evidence *(see, e.g., Callahan v Miller,* 194 AD2d 904, 905) that the defendant made "a representation of fact, which is either untrue and known to be untrue or recklessly made, and which is offered to deceive the other party and to induce them to act upon it, causing injury" *(Jo Ann Homes at Bellmore v Dworetz,* 25 NY2d 112, 119; *see, Franco v English,* 210 AD2d 630, 632 [the elements constituting a cause of action in fraud are "misrepresentation of a material fact, falsity, scienter, deception and injury"]; *see also, Barclay Arms v Barclay Arms Assocs.,* 74 NY2d 644, 646-647; *Atlantic Welding Servs. v Westchester Steel Fabricators Corp.,* 173 AD2d 1073, 1074). In the instant case, even if plaintiffs are afforded the most liberal construction of the facts alleged *(see,* CPLR 3026; *Leon v Martinez,* 84 NY2d 83, 87-88), defendants correctly assert that the pleadings have failed to adequately set forth a cause of action for either actual or constructive fraud.

Plaintiffs' complaint alleges that defendants did nothing more than aggressively pursue their own business interests in their dealings with plaintiffs, whose attorney knew of the existence of the option agreement at least a month prior to the original closing date and took no steps to either rescind the option agreement or ensure that the closing took place prior to its effective date.

We have considered plaintiffs' other arguments and find them to be without merit.

Mikoll, J. P., White, Casey and Peters, JJ., concur. Ordered that the order and judgment are affirmed, with costs.