■ Louis J. Galgano III et al., Appellants, v Michael Ortiz et al., Respondents. [732 NYS2d 77] —In an action pursuant to the Debtor and Creditor Law to set aside certain allegedly fraudulent transfers of corporate shares of stock, the plaintiffs appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Westchester County (Barone, J.), entered August 28, 2000, as granted the defendants' motion pursuant to CPLR 3211 (a) to dismiss the complaint and denied that branch of their cross motion which was for leave to replead, and (2) so much of an order of the same court, entered November 27, 2000, as, upon reargument and renewal, adhered to its original determination.

Ordered that the appeal from the order dated August 28, 2000, is dismissed, as that order was superseded by the order dated November 27, 2000, made upon reargument and renewal; and it is further,

Ordered that the order dated November 27, 2000, is affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs.

The complaint failed to state a cause of action sounding in constructive or actual fraud under the Debtor and Creditor Law (*see,* Debtor and Creditor Law §§ 273, 275, 276). The plaintiffs are the husband and children of the defendant Barbara O. Galgano. The complaint alleges that Barbara O. Galgano transferred her interest in certain family businesses to her siblings, the codefendants, in order to avoid her financial obligations to the plaintiffs. The plaintiffs, however, failed to establish their status as creditors of any of the defendants (*see,* Debtor and Creditor Law § 270). One of the subject transfers took place prior to the Galganos' marriage, and the other transfers occurred while they were still living together as husband and wife, several years prior to the commencement of an action for divorce by Barbara O. Galgano. Thus, the transfers were not made in anticipation of any debts that Barbara O. Galgano might incur as a result of the divorce action (*cf., Kasinski v Questel,* 99 AD2d 396; *Soldano v Soldano,* 66 AD2d 839). In addition, there was no showing that the transfers rendered Barbara O. Galgano insolvent (*see, Atlantic*

*Bank v Toscanini,* 145 AD2d 590). Further, the complaint fails to allege with the requisite specificity a cause of action sounding in fraud against the defendants (*see,* CPLR 3016 [b]; *Barclay Arms v Barclay Arms Assocs.,* 74 NY2d 644, 646-647; *Flora v Kingsbridge Homes,* 214 AD2d 834). Accordingly, the Supreme Court properly dismissed the complaint in its entirety and properly denied leave to replead.

The plaintiffs' remaining contentions are without merit. O'Brien, J. P., Luciano, Smith and Crane, JJ., concur.