■ Doron Zanani, Appellant, v Isaac Meisels, Respondent, et al., Defendant. [910 NYS2d 533]—

In an action pursuant to the Debtor and Creditor Law to set aside an allegedly fraudulent conveyance of real property, the plaintiff appeals from an order of the Supreme Court, Kings County (Balter, J.), dated August 4, 2009, which granted the motion of the defendant Isaac Meisels to dismiss the complaint insofar as asserted against him pursuant to CPLR 3211 (a) (1) and (7).

Ordered that the order is affirmed, with costs.

In 2001 the defendant Miriam Schvimmer, formerly known as Miriam Schlesinger, and her husband, retained the plaintiff as an attorney to represent them in certain real estate dealings. The plaintiff brought a partition action on their behalf. In 2006, the plaintiff commenced an action against the Schvimmers to recover counsel fees of approximately $28,635, and eventually obtained a judgment against them in the total sum of $32,021.48.

Unable to collect on the judgment, the plaintiff commenced two actions against the Schvimmers, claiming that they fraudulently transferred certain properties owned by them to third parties without appropriate consideration in order to become insolvent. The instant action against Miriam Schvimmer and Isaac Meisels is to set aside an allegedly fraudulent conveyance of real property located on Taylor Street in Brooklyn to Meisels. While Schvimmer defaulted in appearing and answering, Meisels moved to dismiss the complaint insofar as asserted against him pursuant to CPLR 3211 (a) (1) and (7). The causes of action against Meisel were based on Debtor and Creditor Law §§ 273 and 276. The Supreme Court granted the motion, and we affirm.

Debtor and Creditor Law § 273 provides that "[e]very conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent . . . without regard to his [or her] actual intent if the conveyance is made or the obligation is incurred without a fair consideration." "A finding of constructive fraud pursuant to section 273 may thus be predicated upon proof of insolvency and lack of fair consideration, without a showing of actual motive or intent to defraud" (*American Panel Tec v Hyrise, Inc.*, 31 AD3d 586, 587 [2006]; *see Berner Trucking v Brown*, 281 AD2d 924 [2001]; *Gallagher*

*v Kirschner*, 220 AD2d 948 [1995]; *Matter of American Inv. Bank v Marine Midland Bank*, 191 AD2d 690, 692 [1993]). On the other hand, section 276 requires proof that the transferor actually intended to "hinder, delay, or defraud" any present or future creditors (Debtor and Creditor Law § 276; *see Kreisler Borg Florman Gen. Constr. Co., Inc. v Tower 56, LLC*, 58 AD3d 694, 696 [2009]; *Matter of CIT Group/Commercial Servs., Inc. v 160-09 Jamaica Ave. Ltd. Partnership*, 25 AD3d 301, 303 [2006], citing *Berner Trucking v Brown*, 281 AD2d at 925).

Even accepting the allegations in the complaint as true (*see Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]), Meisels's documentary submissions in support of his motion conclusively established "a defense as a matter of law" with respect to the cause of action pursuant to Debtor and Creditor Law § 273 (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *see* CPLR 3211 [a] [1]; *Fleming v Kamden Props., LLC*, 41 AD3d 781 [2007]; *Klein v Gutman*, 12 AD3d 417, 418 [2004]), in that, inter alia, any alleged fraudulent conveyance between Schvimmer and Meisels failed to render the debtor, Schvimmer, insolvent as required by Debtor and Creditor Law § 273.

With respect to Debtor and Creditor Law § 276, the complaint failed to allege with the requisite specificity a cause of action upon which relief could be granted sounding in actual fraud against Meisels (*see* CPLR 3016 [b]; 3211 [a] [7]; *Barclay Arms v Barclay Arms Assoc.*, 74 NY2d 644, 646-647 [1989]; *Flora v Kingsbridge Homes*, 214 AD2d 834, 836 [1995]), or that he intentionally "hinder[ed], delay[ed] or defraud[ed] present or future creditors" (Debtor and Creditor Law § 276; *see Galgano v Ortiz*, 287 AD2d 688, 689 [2001]). Although the plaintiff attempts to impute to Meisels knowledge of the alleged fraud and lack of good faith based on his common religious affiliation and alleged familial relationship with Schvimmer, such allegations do not tend to establish a common scheme to defraud between them (*see Galgano v Ortiz*, 287 AD2d at 689). Accordingly, the Supreme Court properly granted Meisels's motion to dismiss the complaint insofar as asserted against him. Mastro, J.P., Balkin, Eng and Hall, JJ., concur.