Paragon v Paragon (2018 NY Slip Op 06249)





Paragon v Paragon


2018 NY Slip Op 06249


Decided on September 26, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
JEFFREY A. COHEN
LINDA CHRISTOPHER, JJ.


2016-13084
 (Index No. 57967/16)

[*1]Hideko Paragon, appellant, 
v
Constance Paragon, respondent, et al., defendants.


Montalbano, Condon & Frank, P.C., New City, NY (Andrew P. Ross of counsel), for appellant.
Bashian & Farber, LLP, White Plains, NY (Andrew Frisenda and Gary E. Bashian of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 to determine claims to real property, to set aside a transfer of real property as a fraudulent conveyance under the Debtor and Creditor Law, and to impose a constructive trust on certain real property, the plaintiff appeals from an order of the Supreme Court, Westchester County (Terry Jane Ruderman, J.), dated December 1, 2016. The order, insofar as appealed from, granted those branches of the motion of the defendant Constance Paragon which were pursuant to CPLR 3211(a)(7) to dismiss the first, second, and fourth causes of action for failure to state a cause of action.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff, Hideko Paragon, was married to the decedent, Donald Paragon, for almost 30 years. During their entire marriage, the plaintiff and the decedent resided in the decedent's home in New Rochelle. The decedent had sole title to the property. Shortly before his death, however, the decedent transferred his sole interest to himself and the defendant Constance Paragon, his daughter from his first marriage, as joint tenants with the right of survivorship. After the decedent died, the plaintiff commenced this action against the decedent's seven children from his prior marriage. She sought, among other things, a determination that she had an interest in the property, to set aside the conveyance as fraudulent pursuant to Debtor and Creditor Law § 273, and to impose a constructive trust. Constance moved pursuant to CPLR 3211(a)(7) to dismiss the complaint. The Supreme Court, inter alia, granted those branches of the motion which were to dismiss the first, second, and fourth causes of action.
We agree with the Supreme Court's determination to direct dismissal of the first cause of action, which sought relief pursuant to RPAPL article 15, since the complaint did not allege that the plaintiff had an interest in the subject property (see RPAPL 1501[1]).
We also agree with the Supreme Court's determination to direct dismissal of the second cause of action, which sought relief pursuant to Debtor and Creditor Law § 273. Debtor and [*2]Creditor Law § 273 states: "Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without fair consideration." A threshold question is whether the plaintiff was a "creditor" of the decedent within the definition of the Act. Section 270 of the Debtor and Creditor Law defines "creditor" as any "person having any claim, whether matured or unmatured, liquidated or unliquidated, absolute, fixed, or contingent." Here, the plaintiff failed to allege sufficient facts showing her status as a creditor of the decedent (see Galgano v Ortiz, 287 AD2d 688).
Moreover, the record supports the Supreme Court's determination to direct dismissal of the fourth cause of action, which was to impose a constructive trust. "[T]o obtain the remedy of a constructive trust, a plaintiff generally is required to demonstrate four factors: (1) a fiduciary or confidential relationship between the parties, (2) a promise, (3) a transfer of some asset in reliance upon the promise, and (4) unjust enrichment flowing from the breach of the promise" (Mei Yun Chen v Mei Wan Kao, 97 AD3d 730, 730). The plaintiff failed to adequately plead a cause of action against the defendants for the imposition of a constructive trust, as there was no express or implied promise made by the decedent to the plaintiff with respect to the subject property.
The plaintiff's remaining contentions are either without merit or improperly raised for the first time on appeal.
SCHEINKMAN, P.J., DILLON, COHEN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court