Rubin v Sabharwal (2019 NY Slip Op 02975)





Rubin v Sabharwal


2019 NY Slip Op 02975


Decided on April 23, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 23, 2019

Sweeny, J.P., Richter, Tom, Kapnick, Oing, JJ.


8793 650839/17

[*1]Shelley Rubin, Plaintiff-Appellant,
v
Nisha Sabharwal, et al., Defendants-Respondents.


The Law Offices of Neal Brickman, P.C., New York (Neal Brickman of counsel), for appellant.
Certilman Balin Adler & Hyman LLP, East Meadow (Paul B. Sweeney of counsel), for respondents.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered on or about February 20, 2018, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss the fraud-based claims, the breach of contract and rescission claims to the extent based on transactions that occurred before February 16, 2013, the unjust enrichment claim to the extent based on transactions that occurred before February 16, 2011, and the claims against defendants OM Vastra and Vastra Miami, unanimously affirmed, without costs.
Plaintiff's claims for fraudulent inducement, fraud and conspiracy to commit fraud were properly dismissed. Plaintiff failed to assert sufficient facts to establish reasonable reliance and that she exercised due diligence to determine the value of the property. Plaintiff cannot assert reasonable reliance where she had the means to discover the true nature of the transaction by the exercise of ordinary intelligence, and failed to make use of those means (see Rosenblum v Glogoff, 96 AD3d 514, 515 [1st Dept 2012]. As the co-founder and co-chair of a museum specializing, in part, in Indian art, plaintiff had the means to conduct an appraisal of the jewelry prior to purchasing the jewelry, and yet she took no steps to verify the alleged misrepresentations. Moreover, plaintiff had the wherewithal to conduct an appraisal several years after the first transaction when she wanted to sell some of the items and verify the authenticity of the jewelry. Plaintiff could have discovered the truth had she conducted an inquiry into the value of the property during the many transactions at issue in this case.
The alleged misrepresentations - that the items were of "museum quality," of "highest quality," and "generational" - ultimately go to the value of the jewelry, which constitutes "nonactionable opinion that provides no basis for a fraud claim" (MAFG Art Fund, LLC v Gagosian, 123 AD3d 458, 459 [1st Dept 2014], lv denied 25 NY3d 901 [2015]; see also Augsbury v Adams, 135 AD2d 941, 942 [3d Dept 1987]).
The four year statute of limitations applicable to sales of goods was properly applied to plaintiff's breach of contract and rescission claims (UCC § 2-725[1]), and plaintiff's failure to conduct any due diligence with respect to the jewelry that was sold to her precludes her reliance on the doctrine of equitable estoppel to toll the limitations period (see Zumpano v Quinn, 6 NY3d 666, 683-84 [2006]).
Plaintiff's conclusory statements that proceeds from the transactions at issue herein were fraudulently transferred to the Florida entity defendants so they could be "hidden" and "disbursed" are not sufficiently detailed to plead a claim for fraudulent conveyance pursuant to Debtor and Creditor Law § 276 (Wildman & Bernhardt Constr. v BPM Assoc., 273 AD2d 38, 38-[*2]39 [1st Dept 2000]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 23, 2019
CLERK